THE STATE *ex rel.* LYNCH *vs.* BRIDGES, jailer, *et al.*

1. On *habeas corpus* in behalf of one confined under mesne process for the recovery of personal property, the legality of the imprisonment does not depend upon the truth of the plaintiff's affidavit, but upon the sufficiency and due verification of the material facts alleged therein, together with the substance of the declaration, the jurisdiction of the court, and the sheriff's return. If the court has jurisdiction of the person and of the subject matter, and the declaration sets forth a cause of action, and the affidavit conforms to the statute, and there is proper process, with due service, and the property has not been seized because it was not to be found, and the requisite bond and security have not been given, the prisoner ought to be remanded.
2. In the present case, neither the affidavit nor the declaration, nor do they both together, show the commission of a larceny or other felony, with full certainty.

The State *ex rel.* Lynch *vs.* Bridges, jailer, *et al.*

3. When the wife of a prisoner sues out a *habeas corpus*, she can bring a writ of error upon the final decision made on the hearing of the *habeas corpus*.

4. An acknowledgment of service on a bill of exceptions by counsel signing as attorneys for "respondents," will be construed as evidence of service on all the respondents, where the record fails to show that any of the respondents were represented by different counsel in the court below.

*Habeas corpus.* Husband and wife. Parties. Practice in the Supreme Court. Before Judge SNEAD. Richmond County. At Chambers. February 18, 1879.

On the 18th day of November, 1878, there was filed in the clerk's office of Richmond superior court, an original affidavit as follows:

"STATE OF GEORGIA, Richmond County.

"Personally appeared, Hugh Dempsey who after being duly sworn, says that he is the superintendent and agent acting in this behalf for the Southern Express Company, a corporation existing under and by virtue of the laws of the state of Georgia. That said corporation is about to commence an action at law against Walter S. Lynch, returnable to the April term, 1879, of Richmond superior court, for the recovery of certain personal property, consisting of a certain package done up in buff paper and having written thereon '$25,000, Reeves, Nicholson & Co., Athens, Ga.,' the same being sealed with wax having the initials of G. W. W. & Co. stamped thereon, measuring about ten inches in length by seven and half inches in width, and about six and half inches in depth, and shipped by Geo. W. Williams & Co., of Charleston, South Carolina.

"That said personal property was delivered to Walter S. Lynch, November 5, 1878, as a messenger between Port Royal and Augusta, to be brought by him to Augusta, Georgia, for transmission to Athens, Georgia, and it has not been transmitted by him or delivered to the Southern Express Company, and that the same is in the possession and under the control of said Walter S. Lynch.

"That deponent, for and in behalf of said corporation, has reason to apprehend and does apprehend that the said personal property will be removed away and will not be forthcoming to answer the judgment that shall be made in the case.

"That the said personal property is of the value of twenty-five thousand dollars, and the package contained divers, to-wit: twenty notes of the United States, commonly called currency notes, for the payment of the sum of one hundred dollars each; five hundred of the

same denomination of notes, each of the value of twenty dollars; one thousant of the same denomination of notes, each of the value of ten dollars; six hundred of the same denomination of notes, of the value of five dollars each.

"Deponent further swears that in behalf of said corporation he does verily and *bona fide* claim said personal property for said Southern Express Company, who have paid the value thereof to said George W. Williams & Co., and he desires bond and security may be required of said Walter S. Lynch for the forthcoming of said property.

HUGH DEMPSEY."

Declaration was filed the same day in trover at common law as follows:

"The petition of the Southern Express Company, a corporation of the county and state aforesaid, showeth that Walter S. Lynch, of the county aforesaid, has greatly endamaged your petitioner, for that whereas, heretofore, to-wit: on the fifth day of November, in the year of our Lord, one thousand eight hundred and seventy-eight, and in the county aforesaid your petitioner was possessed as of its own property, of a certain package done up in buff paper and having written thereon '$25,000.00, Reeves, Nicholson & Co., Athens, Ga.,' the same being sealed with wax, having the initials of G. W. W. & Co. stamped thereon, measuring about ten inches in length, by about seven and a half inches in width, and about six and half inches in depth, and shipped by George W. Williams & Co., of Charleston, South Carolina, of great value, to-wit: of the value of twenty-five thousand dollars, and being so thereof possessed as aforesaid, your petitioner afterwards, to-wit: on the day and year and in the county aforesaid, casually lost said package out of its possession, and the same afterwards, to wit: on the same day and in the county aforesaid, came to the possession of the said Walter S. Lynch by finding.

"Yet the said Walter S. Lynch, although he well knew the said package to be the property of your petitioner as aforesaid, has not delivered the same to your petitioner although often requested to do so, and afterwards, to-wit: on the day and year, and in the county aforesaid, converted and disposed of said package to his own use."

The declaration contained also a second count which differed only from the first in that it set forth a description of the treasury notes which were in the package, and proceeded:

"Yet the said Walter S. Lynch, although he well knew the said package and contents aforesaid to be the property of your petitioner as aforesaid, has not delivered the same to your petitioner, although often requested so to do, and afterwards, to-wit: on the day and yea

and in the county aforesaid, converted and disposed of said package and contents to his own use, to the damage of your petitioner fifty thousand dollars."

To this was annexed a copy of the original affidavit and process.

Original was indorsed:

"Filed in office 18th Nov., 1870.          S. H. CRUMP, Clerk.

Sum sworn to.................................... .... ....$25,000.
Take bail for  ......... ................................$50,000."

The original declaration and copy were placed in the sheriff's hands, whose action is set forth in his return on the original writ as follows:

" Served a copy of the within petition and process and copy of the affidavit on the defendant, Walter S Lynch, arrested him at the same time, and not being able to give bond and not producing the property, I put him in jail this 18th day of November, 1878, in the custody of Theodore C. Bridges, jailer.

" CHARLES H. SIBLEY, Sheriff R. C."

The original papers were first lodged with the jailer but withdrawn, and the following paper deposited with the jailer when the originals were returned to court:

"The Southern Express Company, )    Trover and Bail,
              *vs.*                }    April Term, 1879,
        Walter S. Lynch.        ) Richmond Superior Court.
            Sum sworn to, $25,000.00.

"The defendant having been this day served with a copy of the petition, process and bail affidavit in the above stated case, was arrested by me, and on failure to enter into recognizance for the forthcoming of the property sued for, and being unable to find that property myself, or to seize and take possession thereof, I now, pursuant to the require- ments of the law, commit him to jail, to be kept in safe and close cus- tody until the property sued for is produced, or until he shall enter into bond with good security for the eventual condemnation money.

                                  CHARLES H. SIBLEY,
  " November 18th, 1878.          Sheriff Richmond Co."

Mrs. Elizabeth M. Lynch, as wife of Walter S. Lynch, petitioned for a writ of *habeas corpus*, February 10, 1879, upon the following grounds:

1. That the arrest and confinement is illegal, because the affidavit for bail attached to the declaration was made by a

person not authorized to make such affidavit for a corporation.

2. Because the affidavit for bail in said action was not filed in the clerk's office of the court to which said petition was returnable, to-wit : the superior court of said county, and a copy thereof affixed to the original petition and the copy thereof.

3. Because the copy of the original petition, affidavit and process, was not served upon Walter S. Lynch by the sheriff or other lawful officer, but was served upon him (if such an act can be called a service), by being handed to him by Hugh Dempsey, who was neither the sheriff nor other lawful officer.

4. Because such action was not instituted in good faith for the purpose and with the intention of recovering the property described therein or the value thereof, but was begun, and is continued by the plaintiff therein in fraud of law, and for the purpose, by oppression and long confinement in jail, and the bringing of your petitioner and her children to want, or a worse fate, to extort money from the friends or relatives of the defendant in payment of a claim for the money lost by defendant or stolen from him while in transit to the point of delivery.

5. Because said property was not "in the possession, custody or control of defendant" at the time of the demand therefor as sworn to by said Hugh Dempsey, as "superinintendent and agent," said affidavit of said Dempsey being false and without the slightest foundation in fact and truth.

6. Because an action of "trover and bail" will not lie for the recovery of money under the facts of this case.

7. Because said action cannot be maintained, the injury complained of amounting to a felony, as defined by the Code of this state, and the said company having failed and refused to prosecute said defendant, either simultaneously or concurrently, or previously to the institution of said action for the same, or to allege a good excuse for the failure to so prosecute.

The State *ex rel.* Lynch *vs.* Bridges, jailer, *et al.*

The jailer returned as the cause of commitment the paper lodged by the sheriff, and justified his confinement of relator solely under the act of December 13, 1820.

He prays that the City Council of Augusta, sheriff, and Southern Express Company be made parties, and submitted to the court solely for his protection in the premises, and asked decision on the following:

1. That this petition nor writ of *habeas corpus* has ever been filed in the clerk's office of Richmond superior court, and is not valid until placed on the docket of that court.

2. That the writ should have been issued against the sheriff of Richmond county or the City Council of Augusta, and not to him, as jailer.

3. That the judge of the superior court of the Augusta circuit has no jurisdiction in vacation under a writ of "*habeas corpus*" to determine the validity of civil process returnable to a regular term of a court of this circuit.

4. That the process under which Lynch is held in custody is lawful, and that at April term, 1879, it being the appearance term of Richmond superior court, which is a court of competent jurisdiction, can only a motion be lawfully made or entertained in respect to the validity of the process or detention thereunder.

On the filing of the return of the jailer, the court ordered that the sheriff, Charles H. Sibley, and the Southern Express Company be made parties.

The sheriff then answered, adopting the return of the jailer, also that he did, on the 18th day of November, 1878, personally serve the defendant, Walter S. Lynch, with a copy of the petition and process and bail affidavit in the case, and that his return upon the original papers to April term, 1879, of Richmond superior court, is correct and true.

The Southern Express Company also adopted the answer of the jailer.

The petitioner's attorney then filed a traverse as follows:

"And now comes the petitioner, Mrs. E. M. Lynch, by her attorneys, and traverses the truth of the facts set forth in the foregoing answer

of T. C. Bridges, jailer, and the Southern Express Company, and alleges the facts as set forth in the grounds of her petition to be correct and true, and also accepts as true the answer of Charles H. Sibley, sheriff, and contests the sufficiency of the causes set forth in the answer of the said Bridges for the detention of the said W. S. Lynch, and strikes the 2d and 3d grounds of the petition for writ."

. The demand served on Lynch was as follows:

"To WALTER S LYNCH:

Demand is hereby made upon you for the immediate delivery to the Southern Express Company of a certain package done up in buff paper, having written thereon '$25,000.00, Reeves, Nicholson & Co., Athens, Ga,' the same being sealed with wax having the initials of G. W. W. & Co. stamped thereon, measuring about ten inches in length, seven and a half inches in width and about six and a half inches in depth, and delivered to you November 5, 1878, as a messenger between Port Royal and Augusta, Ga., to bring to Augusta, Ga., for said Southern Express Company.

"That upon failure to comply immediately with this demand an action will be brought against you for converting the same.

"November 18, 1878.

SOUTHERN EXPRESS COMPANY."

By Hugh Dempsey, superintendent."

The bill of exceptions recited the history of the case during the trial, as follows: . . . . Upon the request of said jailer and in accordance with the desire of said parties, the Southern Express Company, plaintiff in the action upon which said Walter S. Lynch was committed, and Charles H. Sibley, sheriff of said county, by whom said defendant was committed, were made parties. The request of said jailer to have the City Council of Augusta also made a party was refused.

The return of said jailer was traversed in writing and issue joined thereon, and petitioner offered evidence to disprove the statement made in the affidavit for bail, "that the same (the personal property sued for) is in the possession and under the control of the said Walter S. Lynch," and to show that the same was lost or stolen from the possession, custody or control of the said Walter S. Lynch, while in the employ of the Southern Express Company, November 5th, 1878, evidence of which was in the

possession of the maker of said affidavit, prior to and at the time of the making of said affidavit, and that said property had not been in the possession, custody or control of the said Walter S. Lynch since that time. Petitioner offered also to prove that the failure to deliver said personal property to the plaintiff on demand, or surrender or point out the same for seizure by the sheriff, was due alone to the inability of the said Walter S. Lynch to comply therewith on account of the loss or theft as aforesaid. That he did not enter into the recognizance provided for by law, solely because that by reason of his poverty he was unable to give such a bond.

All of which was repelled by the court, and the announcement made that it would only receive evidence as to whether or not the Southern Express Company, as plaintiff in said action, had prosecuted the defendant under section 29,0 of the Code, or alleged a good excuse for its failure to prosecute. The petitioner thereupon put in evidence the admission of the plaintiff that it had not prosecuted the defendant, the original declaration with affidavit attached, and accepted in lieu of said original affidavit, and the demand made by plaintiff upon the defendant prior to the filing of said suit, to be found in the brief of the evidence.

The respondent Bridges and the Southern Express Company offered the commitment from the sheriff under which the defendant was held after the withdrawal of the declaration, etc.

The judge refused to discharge the prisoner, whereupon a bill of exceptions was sued out by Elizabeth M. Lynch, and error assigned on the following grounds:

1. Because the court erred in repelling proof of the falsity of the statement in the affidavit for bail by Hugh Dempsey, to-wit: "that the same, (referring to the package sought to be recovered in said action) is in the possession and under the control of the said Walter S. Lynch," and to show that said package was lost or stolen from the possession, custody and control of the said Walter S. Lynch while in the

employ of the Southern Express Company, November 5th, 1878.

2. Because the court erred in repelling evidence by petitioner that the failure to deliver said personal property to the plaintiff on demand, or to deliver the same to the sheriff for disposition as provided by law, was due solely to the fact that said property was not in his possession, custody or control, having been lost or stolen out of his possession, custody and control as aforesaid, and his failure to enter into a recognizance for the forthcoming of said property as provided by law, was due alone to the fact that from his poverty he was unable to give such recognizance.

3. Because the court erred in deciding that section 2970 of the Code was limited to physical injuries, and did not apply to torts to property, although such torts amounted to a felony as defined by the Code of this state, and that therefore, although the record in said case made out a *prima facie* case of larceny after trust, which was a felony as defined by the Code of Georgia, it was not incumbent upon the said Southern Express Company, as plaintiff in said action, to prosecute for the same, or to allege a good excuse for the failure to so prosecute, and that plaintiff could maintain said civil action without having "either simultaneously or concurrently or previously" prosecuted for the same, or alleging a good excuse for the failure so to proscute.

4. Because the court erred in remanding the said defendant to jail under the law and facts of this case.

5. Because the court erred in deciding that upon a traverse of a return to a writ of *habeas corpus*, no evidence was admissible except the record in the case in which defendant was held in custody, and evidence to establish that the plaintiff had or had not prosecuted for the tort under section 2970 of the Code.

When this case was called a motion to dismiss the writ of error was submitted upon the ground that the wife of the prisoner was not, herself, entitled to a review of the

decision by bill of exceptions, the prisoner not complaining. And because the acknowledgment of service was simply signed by "Frank H. Miller and J. S. & W. T. Davidson, attorneys for respondents," not showing that all of the parties respondent were represented in such acknowledgment. The record failed to disclose that any of such respondents had been represented by other and different counsel in the court below.

The motion was overruled, the court holding as stated in the third and fourth head-notes.

H. CLAY FOSTER, for plaintiff in error.

FRANK H. MILLER; J. S. & W. T. DAVIDSON, for defendants.

BLECKLEY, Justice.

1. There was an action of trover, and the court had jurisdiction both of the person and the subject matter. There was such an affidavit as the statute prescribes. The declaration sets forth a cause of action; there was regular process, and due service. The property had not been seized because the officer could not find it, and the requisite bond and security were not given by the defendant. These facts made a case for imprisonment. Code, §3420. To go beneath them and inquire into the *truth* of the matters alleged in the declaration and affidavit, would be to engage the *habeas corpus* court in a work of subsoiling which can be fitly done only by the court in which the main action is pending, and upon a regular trial in the due course of proceedings. Imprisonment until a trial can be had does not depend upon whether the plaintiff has a good case for a recovery, but upon whether he puts a good case upon paper, and locates it in the proper forum. In what he alleges there may not be one word of truth, but his alleging it in the manner prescribed and upon the sanctions which the law ordains, entitles him to have the property produced .

or the defendant imprisoned if the latter will not give bond and security.   What is needed to justify an imprisonment is only due process of law, and it is obvious that there may be the same legality of process in behalf of an unjust suitor as of a just one.   The time for discriminating between cases of merit and those without merit is at the trial.   Indeed, the sole object of a trial is to find out whether the complaint is well or ill-founded.   Where imprisonment takes place on *mesne* process, the range of inquiry upon *habeas corpus* is simply, whether the plaintiff has brought a proper suit in the proper court, and has taken all the steps in procedure which the law lays down as conditions precedent; these things appearing, the lawfulness of the custody follows necessarily.   The investigation relates to what has been done; not to whether it ought to have been done.

2. It was urged in argument that the tort complained of amounted to a felony in our law, and therefore that the action of trover could not be maintained without an averment in the declaration that the wrong-doer had been prosecuted, etc.   In the affidavit is some indication of a larceny after trust, but the commission of this offense does not appear with full certainty, from either the affidavit or the declaration, nor from both together.

3. 4. The motion to dismiss the writ of error was not well taken on either of the grounds.

Judgment affirmed.