## ORR *v.* WEBB.

1. A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and, in strictly good practice, the plaintiff, or plaintiffs, and the defendant, or defendants, therein should be expressly designated as such *eis nominibus*.
2. The abbreviation " et al.," when used in a bill of exceptions, can not be held to designate any person or persons.
3. An acknowledgment of service upon a bill of exceptions does not relate to or bind any person not actually named or sufficiently designated therein as a defendant in error when the acknowledgment is entered.
4. While a bill of exceptions is amendable by the record so as to introduce the names of parties, it is futile to thus make new parties defendant in error, unless they will waive service and consent that the case be heard by the Supreme Court upon its merits.
5. If, however, there is no defendant in error, there is nothing to amend by, and a party or parties defendant can not be made.
6. The testimony of witnesses embraced in a brief of evidence embodied in a bill of exceptions can not properly be looked to for the purpose of determining who were parties in the trial court or who should be treated as parties in the Supreme Court. Even if such a practice were allowable, following it in the present instance would avail the plaintiff in error nothing.

Argued January 29,—Decided February 28, 1901.

Motion to dismiss the writ of error.

*J. K. Hines* and *J. B. Sanders*, for plaintiff in error.
*A. F. Daley* and *G. A. Whitaker*, contra.

LUMPKIN, P. J. The bill of exceptions now before us recites that there came on to be tried in the court below "the case of Gordon Webb et al. *vs.* H. W. Orr, the same being an action of ejectment." It further recites that "when said case was called for trial,

the plaintiffs therein moved to amend their petition by striking therefrom the names of Gordon Webb and Savity Webb, on the ground that they were dead, and by striking the name of John Webb as plaintiff in said case." It also appears from the bill of exceptions that the "plaintiffs" introduced certain evidence which is therein set forth, and that the defendant introduced certain evidence which is likewise set forth. The bill of exceptions then proceeds to recite that "at the conclusion of the evidence the *plaintiff* requested the court to direct a verdict in their behalf to the premises in dispute," and that thereupon "the court directed the jury to find a verdict for the *plaintiff* to the premises in dispute, and, in accordance with said directions, the jury rendered a verdict for the *plaintiffs* for the seven ninths of the premises in dispute." The principal assignment of error is expressed in the following words: "The defendant says that the court erred in directing a verdict for the *plaintiffs* in said case, under the evidence introduced, and in not directing a verdict for the defendant." Other than as above indicated, there is in the bill of exceptions no direct statement as to who were the plaintiffs in the case at the time it went to trial, nor any attempt to designate by name as a defendant in error any person save the deceased Gordon Webb. Entered upon the bill of exceptions was an acknowledgment of service signed "G. A. Whitaker & A. F. Daley, Attys. for Defts. in error." When the case was called here, a motion was made to dismiss the writ of error, on the ground that the name of Gordon Webb was stricken by amendment in the court below, and the bill of exceptions did not designate any other person as a defendant in error. Counsel for the plaintiff in error thereupon filed a motion to amend the bill of exceptions "by striking out the words 'et al.' after the words Gordon Webb, in the 4th line of the 1st page of said bill of exceptions, and by inserting after said Gordon Webb the following names: Hill Webb, Eli D. Webb Jr., Isabella Chambers, née Webb, Minetta Chambers, née Webb, Mourning Matthis, née Webb, Doltha Folsom, née Webb, and Fannie Kendrick, née Webb, said parties being the defendants in error to this bill of exceptions." Opposing counsel then made the point that, if this motion should be allowed, the writ of error should be dismissed for want of service upon the newly-made defendants in error, and insisted that it should be dismissed for this reason in case of the allowance of the amendment. Counsel for the plaintiff in

error, recognizing, in view of this statement, their inability to procure from the persons proposed to be made parties any waiver of service or consent that the case be heard upon its merits, did not ask for time in order to secure such waiver or consent, but took the position that the allowance of the amendment would have the effect of making these persons parties defendant in error from the date the bill of exceptions was certified, and that the acknowledgment of service already entered upon the bill of exceptions would be binding upon them.

1–4. This court has repeatedly ruled that the abbreviation "et al.," when occurring in a bill of exceptions after the name of a party therein designated, can not be held to include any other person who figured as a party in the trial court; and that an acknowledgment of service for "defendant in error" or for "defendants in error" does not cover any person who was not, at the time such acknowledgment was entered upon the bill of exceptions, actually named or designated therein as a party defendant in error. See *Beall* v. *Fox*, 4 *Ga.* 403; *Cameron* v. *Sheppard*, 71 *Ga.* 781; *Brantley* v. *Brookins*, 74 *Ga.* 843; *Anderson* v. *Faw*, 79 *Ga.* 558; *Swift* v. *Thomas*, 101 *Ga.* 89; *Inman* v. *Estes*, 104 *Ga.* 645; *Stroup* v. *Pruden*, Ibid. 721; *White* v. *Bleckley*, 105 *Ga.* 173; *United States Leather Co.* v. *First National Bank*, 107 *Ga.* 263; *Papworth* v. *Ryman*, 108 *Ga.* 780; *McCain* v. *Sutlive*, 109 *Ga.* 547; *W. U. Tel. Co.* v. *Griffith*, 111 *Ga.* 551, 557; *Preston* v. *Walker*, 112 *Ga.* 421; *Mutual &c. Co.* v. *Dickinson*, Id. 469. Counsel for the plaintiff in error asked and was granted leave to review these cases in so far as the decisions therein bore upon the two propositions just laid down. After mature consideration, we affirm the rulings thus brought under review. The reasons upon which they rest were fully and clearly stated when these cases were under consideration, and the decisions therein announced should stand unless, as was further insisted, they are in conflict with prior decisions of this court in *Cox* v. *Railroad Co.*, 12 *Ga.* 270, and *State ex rel. Lynch* v. *Bridges*, 64 *Ga.* 146. An examination of the former of these two cases will show that nothing was therein ruled with regard to the effect which should be given to the abbreviation "et al." appearing in a bill of exceptions, or as to the sufficiency of an acknowledgment of service such as that entered upon the present bill of exceptions. As to the case cited

from the 64th *Ga.*, it is to be remarked that the court simply ruled that an acknowledgment of service entered upon a bill of exceptions by counsel signing as attorneys for "respondents" should be "construed as evidence of service on all the respondents, where the record fails to show that any of the respondents were represented by different counsel in the court below." Obviously, the term "respondents" was intended to refer to persons named in the bill of exceptions who answered to this description. Certainly, that case is not authority for the proposition that such an acknowledgment of service includes by necessary implication one not designated in the bill of exceptions as a party defendant thereto. See, in this connection, *Allen* v. *Cravens*, 68 *Ga.* 554, wherein the writ of error was dismissed because the record showed that the attorney signing the acknowledgment of service had, in the trial court, represented only one of the necessary defendants in error. It necessarily follows from what has been said above that the motion to make parties should be denied, for the reason that to grant it would effectuate nothing which could possibly be of any benefit to the plaintiff in error. Upon this point, see especially *Cameron* v. *Sheppard*, *McCain* v. *Sutlive*, and *W. U. Tel. Co.* v. *Griffith*, supra.

5. There is another reason for denying this motion, viz.: there was nothing to amend by. As will have been observed, the only person named in the bill of exceptions as a defendant in error was Gordon Webb, and it affirmatively appears that before the trial took place in the court below he had died and his name was accordingly stricken from the plaintiff's petition. Therefore, as was said under similar circumstances in *Ray* v. *Pease*, 112 *Ga.* 675, in the absence of a defendant in error, there is really "no case here." No proper party defendant having been named in the bill of exceptions when the same was sued out, it certainly affords no basis for any amendment whatever. See *Craig* v. *Webb*, 70 *Ga.* 188, 191; *Stroup* v. *Pruden*, 104 *Ga.* 721. The case above cited from 12 *Ga.* is not authority to the contrary. The opinion filed by Judge Warner does disclose that upon the hearing of that case the court did announce a willingness to allow the bill of exceptions to be amended by the record so as to introduce as a defendant in error one who had been duly made a party below; but opposing counsel did not, it would seem, interpose any objection to the allowance of such an amendment, or suggest to the court that inasmuch as the

railroad company, which alone was named as a defendant in error, was not a party in the trial court, the bill of exceptions amounted to no more than an ex parte proceeding, and accordingly there was nothing to amend by.    Doubtless, if such a suggestion had been made, the court would readily have perceived the propriety of withdrawing its offer.    At all events, its offer was expressly declined, and no amendment to the bill of exceptions was, in point of fact, allowed.    This being so, that case affords no precedent for holding that a bill of exceptions with no proper defendant in error is amendable in this court by introducing therein for the first time the name of a person who might properly have been, but was not, made a party defendant thereto when it was sued out.

This court has uniformly held that a writ of error must be dismissed when but one person is named in the bill of exceptions as a plaintiff in error, and it affirmatively appears from the record that he was not affected by the judgment excepted to and therefore had no right to complain thereof.    *Central Railroad* v. *Craig,* 59 *Ga.* 185; *Healy* v. *Scofield,* 60 *Ga.* 451; *Southwestern Railroad* v. *Craig,* 62 *Ga.* 361; *Swift* v. *Thomas,* 101 *Ga.* 89; *Braswell* v. *Mortgage Co.,* 110 *Ga.* 30; *W. U. Tel. Co.* v. *Griffith,* supra.    In *Swift* v. *Thomas,* a bill of exceptions was sued out in the name of "Mrs. M. A. Swift et al., caveators, plaintiffs in error," and "a motion was made to dismiss the writ of error, upon the ground that there was no party plaintiff in error named in the bill of exceptions, who was entitled to prosecute a writ of error from the judgment complained of."    The record disclosed that Mrs. Swift was not a party to the case tried in the superior court.    "In reply to the motion to dismiss the writ of error, a motion was made to amend it by the insertion of the names of certain of the caveators as parties plaintiff in error.    An objection was made to the allowance of this amendment, upon the ground that there was nothing to amend by."    This objection was sustained, the court, through Mr. Justice Atkinson, saying that "while it will be admitted that new parties plaintiff in error may be added in this court by way of amendment, where there is a substantive party plaintiff in error, yet this right of amendment does not and can not be held to extend to the introduction of parties to a bill of exceptions where none existed in the first instance."    We see no reason why, on principle, a so-called bill of exceptions totally without a defendant in

error stands, with respect to amending it by introducing parties, upon any better footing than a like bill of exceptions which is wanting in a proper plaintiff in error.

6. The foregoing disposes of every contention urged by counsel for the plaintiff in error, save one, which will now be stated and discussed. In our preliminary statement of the facts, we have set forth every recital contained in the bill of exceptions which evidences an intention or design on the part of the pleader to designate as defendants in error the parties who in the trial court appeared as plaintiffs to the action. It has, we think, thus been made apparent that the present bill of exceptions falls far short of disclosing by any of its recitals the name of a single person who might have been properly made a party defendant to the writ of error. In arguing the motion to dismiss, however, counsel for the plaintiff in error insisted that in point of fact the persons named in his motion to amend were the plaintiffs below, and took the position that, although the bill of exceptions might not by direct recital or statement mention them either as the plaintiffs below or as defendants in error, there was nevertheless enough in the bill of exceptions to show with reasonable certainty who were the plaintiffs to the action, and that accordingly they should be regarded as parties defendant here. The foundation of this contention was, that it appeared from the testimony of certain witnesses, a brief of which is set forth in the bill of exceptions, that all the parties sought to be introduced by way of amendment were really plaintiffs below. Looking to this testimony, we find that Eli D. Webb Jr., *Doltha Fortson,* and Hill Webb each testified: "I am one of the plaintiffs." Isabella Chambers testified: "Eli D. Webb Sr. is my father, and died in 1895. . . I have not sold my interest in this land. My agreement was for my brother to collect it for half and pay the costs." The only additional evidence throwing any light upon the matter was the testimony of W. W. Webb, who was not a party to the case. When first put upon the stand, he testified: "The children of Eli D. Webb now in life are J. H. Webb, E. D. Webb, Isabella Chambers, *Dolpha Forlsom,* Minetta Chambers, Mourning Mathis, and Fannie Kendrick. I named Hill Webb in the above, his name being J. H. Webb." Upon being recalled to the stand, this witness further testified: "Eli D. Webb was the father of the plaintiffs in this case." It will thus be seen that the evidence does not disclose

with absolute certainty that any of the persons named in the proposed amendment, save Eli D. Webb Jr. and Hill Webb, were parties plaintiff below.   Presumably, the person whom counsel sought to introduce as a party here under the name of "Doltha Folsom" was the witness "Doltha Fortson," who testified she was one of the plaintiffs, and to whom the witness W. W. Webb doubtless referred when he testified that "Dolpha Forlsom" was one of the children of Eli D. Webb Sr.   Four other persons were named in the amendment as necessary defendants in error, viz.: Minetta Chambers, Mourning Matthis, Fannie Kendrick, and Isabella Chambers.   The bill of exceptions shows that "Moneta" Chambers and Mourning "Mathis" were examined as witnesses, but neither made any statement with regard to their connection with the case on trial.   The same may be said as to Fannie Kendrick.   It is, perhaps, inferable from the statements of Isabella Chambers, above quoted, that she also was a party plaintiff, though she did not expressly so state.   The testimony of W. W. Webb really adds nothing to that of the other witnesses.   While he did say that "Eli D. Webb was the father of the plantiffs in this case," he did not undertake to swear to the converse proposition that all the persons whom he named as the surviving children of Eli D. Webb were plaintiffs to the action.   So taking counsel upon their own ground, and treating the testimony of the above-mentioned witnesses as equivalent to express recitals of fact on the part of the pleader, the plaintiff in error, it is obvious that his bill of exceptions utterly fails to disclose that three of the seven persons sought to be made parties here by way of amendment were, as claimed, really plaintiffs in the trial court.

We do not, however, wish to be understood as holding that, were this otherwise, the writ of error should not be dismissed.   Indeed, we rest our decision as to this phase of the case upon an altogether different ground.   The testimony of the witnesses may or may not have been true.   Certain it is that in certifying the bill of exceptions the trial judge did not remotely contemplate adopting or verifying their statements.   Nor was there really any intention on the part of counsel for the plaintiff in error, when framing his bill of exceptions, to accept as true and vouch for any statement made by the witnesses who testified adversely to him and in behalf of his opponents.   Counsel would surely have grievous cause for complaint were we to hold that, merely because a brief of the evidence

was set forth in the bill of exceptions, the plaintiff in error necessarily intended to adopt as his own the statements made by these witnesses, and accordingly could not be heard to question the truth of any assertion made by any one of them. In that event, the shoe which counsel invite us to put on their client would pinch mercilessly, and, we think, most unjustly. It would seem much more in accord with common sense, as well as with common justice, not to regard as recitals of fact on the part of the pleader statements made by witnesses a brief of whose testimony is incorporated in his bill of exceptions for an altogether different purpose.

We went quite as far as we can reasonably be expected to go when, in the case of *Joiner* v. *Singletary*, 106 *Ga.* 257, we declined to dismiss the writ of error because it was possible to determine with certainty, from the recitals made in the bill of exceptions, which of the two persons therein designated as parties to the case in the trial court was really the plaintiff in error. We take this occasion to remark that full compliance with the requirements of good pleading can not fall short of an unequivocal designation by name of the person or persons suing out a bill of exceptions, and of the person or persons against whom redress is thereby sought. Unquestionably, the recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve. The bill of exceptions now before us by no means comes up to this reasonable standard of certainty. On the contrary, it casts a gloom over, rather than sheds light upon, the intention of the pleader with regard to the all-important matter just indicated. While we recognize it to be our duty, at all times, to "dig deep" for truth and justice, when we have the opportunity so to do, the law surely does not contemplate that in our quest therefor we shall undertake to grope in absolute darkness such as that which now surrounds us.

*Writ of error dismissed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*