FARR, executor, *v.* FARR *et al.*

113 577
Case 1
119 901

113 577
Case 1
f129 255

When persons who are essential parties defendant to a bill of exceptions are neither named nor designated therein as such, and the only attempt to do so is by using with reference to them the words "and others," following the name of one who is a proper defendant in error, a motion to dismiss the writ of error for want of necessary parties thereto will be sustained.

Submitted May 4,—Decided May 23, 1901.

Motion to dismiss the writ of error.

*L. McLester*, for plaintiff in error. *Hatcher & Carson*, contra.

LUMPKIN, P. J. An action was brought by Roxie A. Farr and two other persons against James A. Farr as executor of the will of Tillman Farr, deceased. It was referred to an auditor, who made a report wherein he found that each of the plaintiffs was entitled to recover of the executor a stated amount. To this report the executor filed exceptions of law and fact. They were overruled; the report was made the judgment of the court, and the executor undertook to bring the case to this court. His bill of exceptions contains nothing to indicate who are the defendants in error, except a statement that the case tried in the court below was that of "Roxie A. Farr and others versus James A. Farr, executor, &c., the same being a petition for account and settlement." The words "and others" do not serve to designate any persons as defendants in error. It is apparent that the two plaintiffs below other than Roxie A. Farr are vitally interested in sustaining the judgment to which exception is taken. This being so, and they having neither been made parties to the bill of exceptions nor served therewith, we must sustain the motion duly made in this court to dismiss the writ of error. See *Orr* v. *Webb*, 112 *Ga.* 806, and cases cited.

*Writ of error dismissed. All the Justices concurring.*