TOCCOA ELECTRIC POWER COMPANY *v.* PANTER *et al.*

No. 9459.    FEBRUARY 13, 1933.    REHEARING DENIED FEBRUARY 24, 1934.

260

*Maddox, Matthews & Owens* and *William Butt,* for plaintiff in error.

*T. H. Crawford* and *Morris & Welsch,* contra.

ATKINSON, J. In *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98), a decision rendered by four Justices, it was held: "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and, in strictly good practice, the plaintiff, or plaintiffs, and the defendant, or defendants, therein should be expressly designated as such eis nominibus. . . The abbreviation 'et al.,' when used in a bill of exceptions, can not be held to designate any person or persons." In the opinion it was said: "The

recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve. The bill of exceptions now before us by no means comes up to this reasonable standard of certainty." This ruling was followed in *Devore* v. *Ponder,* 113 *Ga.* 21 (38 S. E. 387), decided by the entire bench of six Justices, where it was held: "The questions presented by the motion to dismiss the writ of error in the present case, and by the motion to amend the bill of exceptions, are controlled by the decision of this court in the case of *Orr* v. *Webb,* 112 *Ga.* 806. It results that the former motion must be sustained and the latter denied." In *McEachin* v. *Jones,* 165 *Ga.* 403 (3) (140 S. E. 878), it was held: "Before the passage of the act of 1911, the denomination of parties who are necessary parties defendant in error by the words et al., following the name of one who is a proper defendant in error, rendered the bill of exceptions fatally defective for want of necessary parties. *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Farr* v. *Farr,* 113 *Ga.* 577 (38 S. E. 962); *Sistrunk* v. *Pendleton,* 129 *Ga.* 255 (58 S. E. 712). By the act of 1911 this defect is amendable, and not fatal; but such bill of exceptions is defective, and in the absence of amendment will be dismissed for want of necessary parties defendant." Citing *Adair* v. *Bradford,* 165 *Ga.* 288 (140 S. E. 78). In *Felker* v. *Still,* 158 *Ga.* 343 (123 S. E. 303), it was held: "It appearing that the only party named as a defendant in error was deceased at the time the bill of exceptions was sued out, and there being no designation of any other party as defendant in error except by the words 'et al.,' the bill of exceptions was fatally defective, and there was nothing to amend by, the words 'et al.,' not representing any codefendant in error. *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Sistrunk* v. *Pendleton,* 129 *Ga.* 255 (58 S. E. 712). The act of 1911 (Ga. L. 1911, p. 149) does not change the ruling made in the above-cited cases." In the *McEachin* and *Adair* cases at least one defendant in error was properly named in the bill of exceptions. In the instant case the bill of exceptions shows on its face that there were several plaintiffs and a sole defendant in the trial court, and by the judgment of the trial court (which is set out at length in the bill of exceptions) rulings were made favorable to certain of the plaintiffs and adversely to others, which rulings

were excepted to by the defendant generally upon stated grounds. The bill of exceptions did not purport to name expressly a party plaintiff or a party defendant therein, or which of the several plaintiffs in the trial court affected differently by the rulings complained of were intended to be parties defendant in error. The writ of error must, on motion, be dismissed on the ground that the bill of exceptions fails to state parties defendant in error. The acknowledgment of service of the bill of exceptions by the attorneys of record for all the plaintiffs in the trial court, as "attorneys for D. W. Panter et al., defendants in error," will not cure the defects just stated. If the objections to the bill of exceptions could have been cured by amendment, there was no offer to amend by making proper parties defendant in error.

*Writ of error dismissed.    All the Justices concur.*