## EMANUEL FARM COMPANY *v.* BATTS *et al.*

BELL, J. 1. All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions, or the writ of error will be dismissed. Civil Code (1910), § 6176; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190).

2. Where a suit against the grantor and a remote grantee (a corporation), to cancel a deed, was filed in the county of the residence of the grantor, and such grantee, whose residence was in a different county, filed a plea to the jurisdiction, alleging in effect that before the filing of the suit the grantor and the plaintiffs entered into an agreement whereby they eliminated any controversy as between themselves, and the grantor had undertaken to aid and abet the plaintiffs to obtain a recovery against the grantee for the benefit of the grantor and the plaintiffs, and was to be made a party defendant merely for the purpose of fixing jurisdiction in the county of her residence, the plea shows upon its face that the grantor would be interested in sustaining a judgment in favor of the plaintiffs; and where, after the plea was so stricken, the case proceeded to trial and resulted in a verdict in favor of the plaintiffs, and the grantee excepted to the overruling of its motion for a new trial, and in the bill of exceptions assigned error also upon the striking of such plea to the jurisdiction, the grantor was an essential party to the bill of exceptions. *Teasley* v. *Cordell,* 153 *Ga.* 397 (2) (112 S. E. 287); *Butler* v. *Kendrick,* 172 *Ga.* 322 (158 S. E. 13).

3. The grantee having injected into the case an issue as to jurisdiction, and having alleged facts to show that the grantor was not a real party de-

# 553

fendant, but was in fact an adversary of the grantee, the case is distinguished by its facts from those cases in which it has been held that a defendant against whom a verdict has been returned and whose motion for a new trial has been overruled is not required to make his codefendants parties to a bill of exceptions to review the judgment refusing a new trial. *Turner* v. *Newell*, 129 *Ga.* 89 (58 S. E. 657); *Durrence* v. *Cowart*, 160 *Ga.* 671 (2) (129 S. E. 26).

4. The motion of the plaintiff in error to allow the grantor now to be made a party to the bill of exceptions, by amendment, must be denied, for the reason that no service of the bill of exceptions was effected upon this party, and it does not appear from the record that she is bound by the acknowledgment of service made by counsel of record in the case or that she has waived service and agreed that the case may be heard. Civil Code (1910), §§ 6160, 6184, 6188; Park's Code (1914), §§ 6164(a), 6164(b); *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859); *Anderson* v. *Haas*, 160 *Ga.* 420 (2) (128 S. E. 178).

5. Under the facts stated above, the motion to dismiss must be sustained.
*Writ of error dismissed. All the Justices concur.*

No. 9072. FEBRUARY 22, 1933. REHEARING DENIED MARCH 4, 1933.

*A. S. Bradley, A. S. Bradley Jr.,* and *Phillips & Abbot,* for plaintiff in error.

*M. C. Barwick,* contra.