POTEET *v.* BEAVER; *et vice versa.*

384

Nos. 10219, 10281. FEBRUARY 19, 1935.

*McClure, McClure & Head,* for plaintiff.

*F. M. Gleason,* for defendant.

HUTCHESON, Justice. Mrs. Laura Poteet filed suit against Mrs. Annie Beaver and D. J. Norman, alleging that a series of notes were given by Mrs. Beaver to Norman as purchase-money for certain land; that the plaintiff is the owner of 39 of a series of forty notes of the principal amount of $25 each; that the security deed given by Mrs. Beaver to Norman has never been surrended or canceled; and that the plaintiff is entitled to have said deed transferred, so that she can foreclose her notes. On this petition due service was had on the defendants. Mrs. Beaver filed demurrers and an answer. Norman made no answer. An amendment was filed by plaintiff, and to the petition as amended demurrers and a motion to strike were filed. To the orders passed upon these, exceptions pendente lite were filed. After introduction of evidence, and a hearing, a verdict was directed in favor of the defendant. A motion for new trial was overruled, and the plaintiff excepted. Mrs. Beaver, through her attorney, moved to dismiss the writ of error on the original bill of exceptions, on the ground that D. J. Norman was not named at all therein, and further that no one was therein named as "defendant in error."

In *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98), it was held: "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and in strictly good practice the plaintiff or plaintiffs, and the defendant or defendants, therein should be expressly designated as such eis nominibus; and an acknowledgment of service for 'defendant in error' or for 'defendants in error' does not cover any person who was not, at the time such acknowledgment was entered upon the bill of exception, actually named or designated therein as a party defendant in error." See also *Toccoa Electric Power Co.* v. *Panter,* 178 *Ga.* 258, 260 (173

S. E. 131); *Preston* v. *Walker,* 112 *Ga.* 421 (37 S. E. 723); *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859). In the case at bar, not only is there an omission from the bill of exceptions of the name of one of the parties defendant in the court below, who is interested in sustaining the judgment, but the bill of exceptions totally fails by implication or otherwise to designate any person or persons as "defendants in error." *Benson* v. *Lewis,* 176 *Ga.* 20 (166 S. E. 835); *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316). It follows that the writ of error on the main bill of exceptions must be dismissed; and since this judgment will not leave the the case to be tried again in the court below, the cross-bill of exceptions is also dismissed.

*Writs of error dismissed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. In my opinion it appears from the record that Norman, the second defendant named in the petition, has no interest in sustaining the judgment, and therefore for that reason is not a necessary party; and the questions presented by the bill of exceptions should be decided.