*Hitch, Denmark & Lovett* and *R. W. McDuffee,* for defendant.

## HANCOCK v. LIZELLA FRUIT FARM.

No. 11623. FEBRUARY 12, 1937. REHEARING DENIED MARCH 11, 1937.

*J. M. Hancock* and *N. E. English,* for plaintiff in error.

*E. W. Maynard* and *Edward F. Taylor,* contra.

HUTCHESON, Justice. Lizella Fruit Farm, a corporation, brought its petition seeking to register the title to certain tracts of land pursuant to the land-registration law of this State. It was recited in the petition that Macon Savings Bank held a first security deed on each of the tracts of land described in the petition. The petition specifically named as "defendants" certain

parties and all other persons "whom it may concern." The Macon Savings Bank was not specifically *named* as a "defendant." To this petition C. G. Hancock filed his intervention, alleging that he owned one of the tracts described in the petition, subject to an outstanding bond for title held by one Newberry, and prayed that his lien for the purchase-money be set up and preserved in the decree registering title to said lands. The examiner appointed by the court filed his report finding that Lizella Fruit Farm held title to said tract free and clear of any claim of title or lien of Hancock, who filed certain objections and exceptions thereto. Before the trial on these exceptions Hancock, Lizella Fruit Farm, and Macon Savings Bank entered into a "contract" in which it was agreed that the title to the tract of land in dispute be decreed to be in Lizella Fruit Farm free and clear of any claim or lien of Hancock; that Macon Savings Bank would deposit in court the amount of the lien claimed by Hancock; that the lien should be transferred to that fund; "and that the interest of the Lizella Fruit Farm and the Macon Savings Bank be determined after the title to the land . . is registered;" that "if upon the final determination of the case it is decided that C. G. Hancock has a valid claim against the lands, the title to which the Lizella Fruit Farm is seeking to register, then said funds shall be paid over to the said Hancock. . . If upon the final determination of the case it is decided that the claims of the Lizella Fruit Farm to the lands involved in this litigation are superior to the claims of C. G. Hancock, then said funds shall be returned to Macon Savings Bank. . . It is the purpose of this agreement to have the said sum of money stand in lieu of the property, and that the lien of C. G. Hancock, if any, shall be enforced against the funds deposited in court, and released as against the lands described in said registration proceedings." The court approved this agreement, and pursuant thereto decreed the title to the tracts of land to be in Lizella Fruit Farm, free of the Hancock lien. Subsequently the court overruled Hancock's exceptions and objections to the finding of the examiner, and ordered that the funds paid into court by the Macon Savings Bank be returned to it. Hancock excepted, naming as defendant in error only Lizella Fruit Farm.

Motion is made by Lizella Fruit Farm to dismiss the writ of

error, on the ground that Macon Savings Bank, a party in the court below, and a party interested in sustaining the judgment excepted to, was not named a party defendant in error, and was not served and did not waive service of the bill of exceptions. It is contended by Hancock that the Macon Savings Bank was not a party in the court below, and that for this reason the writ of error is not subject to dismissal for failure to make the bank a party defendant in error. See *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629) ; *Continental Trust Co.* v. *Sabine Basket Co.,* 165 *Ga.* 591, 594 (141 S. E. 664). We are of the opinion that the Macon Savings Bank was a party in the court below. The land-registration law of this State (Acts 1917, pp. 108 et seq.) is codified as title 60 of the Code of 1933. It is provided that the decree of the court in a title-registration proceeding thereunder shall operate "upon all persons who are parties to said proceedings, whether by name or under the general designation of 'whom it may concern.'" § 60-202. It is also provided (§ 60-205) that "The petition shall include as defendants all persons who by the petition are disclosed to have any interest, equity, or claim adverse to the petitioner or otherwise, vested or contingent, upon said land or any interest therein, and shall also include as defendants all other persons 'whom it may concern.'" The order decreeing title in the petitioner contained the following recital: "It appearing to the court that process has been served and notice given and publication made, all in full compliance with the land-registration law, and that all the requirements of said law have been complied with, it is decreed," etc. Under § 60-213, which provides that "the recital of service of process and of the giving and publishing of notices, contained in the decree or final judgment in the cause, shall be conclusive evidence that such service, publication, and notice have been legally given," it must be presumed that the Macon Savings Bank, having been named as a security deed holder in the petition, was duly served and made a party by one of the methods in the act provided. Whether as a *named* defendant or as a defendant under the designation "whom it may concern," it is not necessary to decide. Even if not served, it voluntarily appeared in the cause and submitted itself to the jurisdiction of the court. It is true that no express order was taken making it a party, but under the circumstances and the pro-

visions of the law applicable to such cases such an order was not necessary to make it a party. There can be no doubt that under the facts of the case the bank is a party interested in sustaining the judgment of the court below.

It is contended by the plaintiff in error that the attorneys who acknowledged service of the bill of exceptions for "defendant in error" were also attorneys for the Macon Savings Bank, and the bank is thus bound by the acknowledgment of service. It does not appear from the record that the attorneys for Lizella Fruit Farm, the named defendant in error, were also attorneys for the bank. Moreover, a proper acknowledgment of service will not cure the defect in having failed to make an essential party defendant in error. If the defect is amendable, no offer to amend was made. *Toccoa Electric Power Co.* v. *Panter,* 178 *Ga.* 258, 260 (173 S. E. 131); *Poteet* v. *Beaver,* 180 *Ga.* 383 (178 S. E. 721). For the reasons given above, the writ of error must be

*Dismissed. All the Justices concur.*