## LANIER et al. v. BAILEY et al.

CANDLER, Justice.   J. Sidney Lanier and Mrs. Bessie Mae Kirby filed an equitable suit in the Superior Court of Dooly County against Wesley G. Bailey and H. H. Roberts of Fulton County and J. B. Fokes, Sheriff of Dooly County.   The petition, for reasons therein stated, sought to vacate and set aside a judgment previously rendered in that court in the case of The Bank of Pinehurst against Mrs. Bessie Mae Kirby and J. W. Ivey; to vacate and set aside a judgment rendered in a proceeding filed by Wesley G. Bailey against Mrs. Bessie Mae Kirby to foreclose an attorney's lien on certain real estate; to cancel an execution issued upon the judgment rendered in the foreclosure proceeding; and to declare void and cancel a deed which J. B. Fokes, as Sheriff of Dooly County, had made to H. H. Roberts in virtue of a sale under the foreclosure execution.   The defendants separately demurred, and each, for substantially the same reasons, said that the petition did not state a cause of action against him.   After a hearing on the demurrers, the court passed one general order sustaining all of them and dismissed the petition.   On August 10, 1949, a bill of exceptions, which did not purport to expressly designate any person or persons as defendant or defendants therein, but was captioned "J. Sidney Lanier, plaintiff in error, et al, vs. Wesley G. Bailey, defendant in error, et al.," excepting to the judgment on the demurrers as being contrary to law, was presented to the trial judge for approval, and on the same day an order was granted directing that service and notice of the proposed bill of exceptions be perfected on opposing counsel as provided by law.   On August 11, 1949, Wesley G. Bailey, one of the defendants in the lower court and attorney of record for the other two, individually, acknowledged service and notice of the proposed bill of exceptions and waived all other and further notice.   The bill of exceptions was signed and certified on August 16, 1949, and except as shown above, there was no service or notice of the same.   Respecting parties defendant in error, the bill of exceptions merely recites that the suit was brought by "J. Sidney Lanier et al. against Wesley G. Bailey et al., the same being a petition in equity to mould the judgment of the court to conform with the verdict rendered in the case of The Bank of Pinehurst against Mrs. Bessie Mae Kirby and J. W. Ivey, said case being No. 4175 in the Superior Court of Dooly County, Georgia."   A motion has been made to dismiss the writ of error, but not upon the ground that the bill of exceptions is defective for want of necessary parties defendant, and no motion has been made to amend the bill of exceptions under the provisions of the act of 1911 (Ga. L. 1911, p. 149).   *Held*:

1. It is not only the right but the duty of this court to raise the question of its jurisdiction in all cases brought here in which there may be any doubt as to the existence of such jurisdiction.   *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857); *Dobbs* v. *Federal Deposit Ins. Corp.*, 187 *Ga.* 569 (1 S. E. 2d, 672); *McDowell* v. *McDowell*, 194 *Ga.* 88, 91 (20 S. E. 2d 602); *Brockett* v. *Maxwell*, 200 *Ga.* 213 (36 S. E. 2d, 638).   And where the record shows that there were interested parties in the court below

who have not been made parties to the bill of exceptions and served with a copy of the same, this court is without jurisdiction and will dismiss the writ of error, even in the absence of a motion to do so on that ground. Code, § 6-1202; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316); *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308).

2. A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto (*Poteet* v. *Beaver,* 180 *Ga.* 383, 178 S. E. 721), and it has been repeatedly held by this court that the abbreviation "et al.," when occurring in a bill of exceptions after the name of a party therein designated, can not be held to include any other person who figured as a party in the trial court. *White* v. *Bleckley,* 105 *Ga.* 173 (31 S. E. 147); *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Toccoa Electric Power Co.* v. *Panter,* 178 *Ga.* 258 (173 S. E. 131); *Poteet* v. *Beaver,* supra. In the *Orr* case, it was held: "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and, in strictly good practice, the plaintiff or plaintiffs, and the defendant, or defendants, therein should be expressly designated as such eis nominibus. . . The abbreviation 'et al.,' when used in a bill of exceptions, can not be held to designate any person or persons." Respecting designation of the parties, the rule is well settled by the decisions of this court that the recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve with a copy of the same.

3. Applying the rule announced in 2 above, respecting the manner in which the parties to a bill of exceptions must be named, we hold that J. B. Fokes and H. H. Roberts, two of the defendants in the court below against whom the plaintiffs sought substantial relief, and who are designated as parties in the bill of exceptions only by use of the abbreviation "et al.," are not parties here, and since it affirmatively appears from the record that they are both vitally interested in sustaining the judgment excepted to, the writ of error must be, and is, dismissed for lack of jurisdiction.

*Writ of error dismissed. All the Justices concur.*

No. 16853. NOVEMBER 15, 1949.

*J. Sidney Lanier,* for plaintiffs.
*Wesley G. Bailey,* for defendants.