## STEWART *v.* STEWART.

ALMAND, Justice. In the suit of Ellen V. Stewart against George S. Stewart and Citizens Trust Company, for injunctive relief and a declaratory judgment, a verdict and judgment were rendered on December 12, 1950, declaring that the defendant George S. Stewart was indebted to Citizens Trust Company in a named sum, and that Ellen V. Stewart was entitled to recover from Stewart a specified sum of money, and a further finding in favor of Citizens Trust Company on the plaintiff's prayer for equitable relief. On December 13, 1950, the defendant George S. Stewart filed a motion to set aside the verdict and judgment as a whole on several enumerated grounds. In this motion, Stewart also prayed that Citizens Trust Company be temporarily and permanently enjoined from transferring certain property upon which it held a security deed executed by George S. Stewart. A rule

nisi was issued, requiring the plaintiff and Citizens Trust Company to show cause why the motion should not be granted. Service of this motion was acknowledged by Citizens Trust Company. Upon the hearing, the court sustained an oral motion of the plaintiff to dismiss said motion. The defendant George S. Stewart filed a bill of exceptions, seeking a reversal of the order of dismissal, naming as a party defendant only Ellen V. Stewart, the plaintiff. In the bill of exceptions now pending in this court, it does not appear that Citizens Trust Company is named as a party defendant in error, nor that such defendant has been served with a copy of the bill of exceptions, nor that it is a party to the same. *Held*:

1. It is the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error where jurisdiction is lacking. *Dobbs* v. *Federal Deposit Ins. Corp.*, 187 *Ga.* 569 (1 S. E. 2d, 672); *McDowell* v. *McDowell*, 194 *Ga.* 88 (20 S. E. 2d, 602); *Brockett* v. *Maxwell*, 200 *Ga.* 213 (36 S. E. 2d, 638).

2. "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court, and must be made parties to the bill of exceptions, or the writ of error will be dismissed. Civil Code (1910), § 6176 [Code, 6-1202]; *Emanuel Farm Co.* v. *Batts*, 176 *Ga.* 552 (168 S. E. 316)." *Malsby* v. *Shipp*, 177 *Ga.* 54 (1) (169 S. E. 308).

3. "Where an action is instituted, seeking substantial relief against several defendants, and some of them file a demurrer which goes to the substance of the whole petition, and challenges the plaintiff's right to any relief, such demurrer enures to the benefit of all the defendants. *Tate* v. *Goode*, 135 *Ga.* 738 (70 S. E. 571, 33 L.R.A. (N. S.) 310). Where the judge sustains such demurrer and enters an order dismissing the whole case, such dismissal enures to the benefit of all the defendants, and they become interested in sustaining the judgment; and if the plaintiff desires to except to the ruling, it is essential that he make all of the defendants in the trial court defendants in error and serve them with a copy of the bill of exceptions, and a failure to do so will require a dismissal of the writ of error." *Tillman* v. *Davis*, 147 *Ga.* 206 (1) (93 S. E. 201).

4. It appearing from the record that Citizens Trust Company, a party in the court below against which substantial relief was prayed, and which is directly interested in sustaining the judgment of the trial court, is not a party to the bill of exceptions, and has not been served with a copy of the same, this court is without jurisdiction, and will dismiss the writ of error on its own motion.

*Writ of error dismissed. All the Justices concur.*

No. 17435. Submitted April 10, 1951—Decided May 15, 1951.

*Frank A. Holden* and *Miller & Head*, for plaintiff.

*Newell Edenfield*, *James K. Rankin*, and *Powell, Goldstein, Frazer & Murphy*, for defendant.