18454. CHANDLER *et al. v.* FOOTE & DAVIES COMPANY *et al.*

HAWKINS, Justice. 1. "It is the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error where jurisdiction is lacking." *Stewart* v. *Stewart,* 208 *Ga.* 83 (1) (65 S. E. 2d 151).

2. "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto (*Poteet* v. *Beaver,* 180 *Ga.* 383, 178 S. E. 721), and it has been repeatedly held by this court that the abbreviation 'et al.,' when occurring in a bill of exceptions after the name of a party therein designated, can not be held to include any other person who figured as a party in the trial court. *White* v. *Bleckley,* 105 *Ga.* 173 (31 S. E. 147); *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Toccoa Electric Power Co.* v. *Panter,* 178 *Ga.* 258 (173 S. E. 131); *Poteet* v. *Beaver,* supra. In the *Orr* case, it was held: 'A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and, in strictly good practice, the plaintiff, or plaintiffs, and the defendant, or defendants, therein should be expressly designated as such eis nominibus. . . The abbreviation "et al.," when used in a bill of exceptions, can not be held to designate any person or persons.' Respecting designation of the parties, the rule is well settled by the decisions of this court that the recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve with a copy of the same." *Lanier* v. *Bailey,* 206 *Ga.* 161 (2) (56 S. E. 2d 515).

3. "An acknowledgment of service of the bill of exceptions by an attorney of record in the trial court as attorney for 'defendant in error' does not cover any person who was not, at the time such acknowledgment was entered upon the bill of exceptions, actually named or designated therein as a party defendant in error." *Hancock* v. *Lizella Fruit Farm,* 184 *Ga.* 73 (190 S. E. 362).

4. Where, as in this case, the bill of exceptions designates the defendants in error as "Foote & Davies Company et al.," and the only acknowledgment of service is by named attorneys as "Counsel for defendants in error," such acknowledgment does not cover any person or party other than Foote & Davies Company; and where the record shows, as in this case, that there were other interested parties in the court below who have not been made parties to the bill of exceptions and served with copy of the same, this court is without jurisdiction, and will dismiss the writ of error, even in the absence of a motion to do so on that ground. *Lanier* v. *Bailey,* 206 *Ga.* 161 (1) (56 S. E. 2d 515).

*Writ of error dismissed. All the Justices concur.*

ARGUED JANUARY 13, 1954—DECIDED FEBRUARY 10, 1954.

*J. P. Swann,* for plaintiffs in error.
*George Rush, James M. Roberts,* contra.