## 18952. HALL *v.* CAIN *et al.*

CANDLER, Justice. 1. It is always the duty of this court, with or without motion, to inquire into its jurisdiction and to dismiss a writ of error where jurisdiction is lacking. *Whitehead* v. *Hogan Bros. Lumber Co.,* 205 *Ga.* 890 (1) (55 S. E. 2d 371). See also, in this connection, *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d 638), and the cases there cited.

2. "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto; and, in strictly good practice, the plaintiff, or plaintiffs, and the defendant, or defendants, therein should be expressly designated as such eis nominibus." *Orr* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98); *Echols* v. *Southern Mining &c. Co.,* 200 *Ga.* 608 (37 S. E. 2d 703), and citations. Respecting parties, the rule is well settled by the decisions of this court that the recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve with a copy of same. *Orr.* v. *Webb,* supra; *Lanier* v. *Bailey,* 206 *Ga.* 161 (56 S. E. 2d 515).

3. In this case no party is named in the bill of exceptions as defendant in error; this being true, the writ of error will be dismissed for this court's want of jurisdiction. *Fowler* v. *Wheeler,* 176 *Ga.* 189 (167 S. E. 107).

*Writ of error dismissed. All the Justices concur.*

ARGUED MAY 9, 1955—DECIDED JUNE 14, 1955.

*Frank B. Zeigler,* for plaintiff in error.

*Oliver, Davis & Maner, Edwin Maner, Jr.,* contra.