19051. KIRBY *et al. v.* WOODS *et al.*

HEAD, Justice. 1. "It is the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error where jurisdiction is lacking." *Stewart* v. *Stewart,* 208 *Ga.* 83, 84 (1) (65 S. E. 2d 151); *Chandler* v. *Foote & Davies Co.,* 210 *Ga.* 370 (80 S. E. 2d 292).

2. "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions, or the writ of error will be dismissed." *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (1) (168 S. E. 316); *Malsby* v. *Shipp,* 177 *Ga.* 54 (169 S. E. 308); *Stewart* v. *Stewart,* supra.

3. In the present case, an action for partitioning and equitable relief, A. N. Woods, David Woods, Buck Ricks, and Bessie Ricks were named as defendants. The general demurrer of Buck Ricks and Bessie Ricks to the petition was sustained, and the exception is to that judgment. Service of the bill of exceptions was acknowledged by counsel as "attorneys for Buck Ricks and Bessie Ricks." There is no entry of service of the bill of exceptions on A. N. Woods and David Woods, nor is there any acknowledgment of service by them, or by counsel for them. The petition recites that A. N. Woods is a resident of the State of Florida, his address being Route 5, Box 1460, Fort Lauderdale, Florida. As to this defendant it does not appear that he was not represented by counsel, but if not represented by counsel, there is no service of the bill of exceptions upon this defendant pursuant to the provisions of Code § 6-914. See *Jordan* v. *Harber,* 172 *Ga.* 139, 153 (157 S. E. 652). There being no service on, or waiver of service by, two essential parties in the court below, this court is without jurisdiction, and the writ of error must be

*Dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1955—DECIDED OCTOBER 11, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

*David H. Fritts, H. Reginald Thompson,* for plaintiffs in error.
*Rountree & Rountree,* contra.