GIBSON *et al. v.* SNIDER *et al.*

No. 10688. JANUARY 16, 1936.

*Casey Thigpen, J. B. Burnside,* and *Randall Evans Jr.,* for plaintiffs in error.

*M. C. Barwick* and *B. F. Walker,* contra.

RUSSELL, Chief Justice. A petition for partition was filed by six plaintiffs, in which Mrs. Louise Dunn Gibson, Louise Gibson, John C. Gibson, and Mrs. Mary Wright Gibson were named as defendants. It was alleged that plaintiffs and defendants were the owners, as tenants in common, of described realty including a tract of land containing 416 acres; that Mrs. Louise Dunn Gibson and Louise Gibson owned a one-seventh interest in this tract, that John C. Gibson and Mrs. Mary Wright Gibson owned a one-seventh interest, and that the plaintiffs owned the remaining five-sevenths interest. Mrs. Louise Dunn Gibson and Louise Gibson by answer contended that they owned the entire interest in the 416 acres of land, and on the trial of the case introduced evidence in support of the answer. John C. Gibson and Mrs. Mary Wright Gibson filed no answer. On the trial of the issue the jury found that Mrs. Louise Dunn Gibson and Louise Gibson were entitled to no interest in the land, but that it belonged to the plaintiffs and the other two defendants. Mrs. Louise Dunn Gibson and Louise Gibson made a motion for a new trial, which was overruled, and they excepted, naming as defendants in error only the plaintiffs in the superior court.

Since all parties who are interested in sustaining the judgment, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions (Code of 1933, § 6-1202; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190) ; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552, 168 S. E. 316) , and it being plainly apparent that John C. Gibson and Mrs. Mary Wright Gibson are interested in sustaining the judgment excepted to, and were not named as defendants in error in the bill of exceptions or served with a copy thereof, the motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. All the Justices concur.*