1. Whether or not the bill of exceptions shows who was the plaintiff in error, it does not designate or otherwise show upon its face who were intended as parties defendant in error. The motion to dismiss the writ of error, based upon this among other grounds, must be sustained. Anderson v. Haas, 160 Ga. 420 (128 S.E. 178); McEachin v. Jones, 165 Ga. 403
(148 S.E. 878); Fowler v. Wheeler, 176 Ga. 189
(167 S.E. 107); Toccoa Electric Power Co. v. Panter, 178 Ga. 258
(173 S.E. 131); Vandivere v. Smith, 183 Ga. 326
(188 S.E. 540); Hancock v. Lizella Fruit Farm, 184 Ga. 73
(190 S.E. 362).
2. Furthermore, it appears that the State Revenue Commissioner, who was a party in the trial court, is interested in sustaining the judgment dismissing the plaintiff's petition, and even if it could be said that he was made a party to the bill of exceptions there was no service or waiver of service as to him, and for this additional reason the writ of error is subject to dismissal, as urged in the motion. Benson v. Lewis, 176 Ga. 20 (166 S.E. 835); Emanuel Farm Co. v. Batts, 176 Ga. 552 (168 S.E. 316); Malsby v. Shipp, 177 Ga. 54 (169 S.E. 308); Poston v. Durham, 177 Ga. 870
(171 S.E. 765); Gibson v. Snider, 181 Ga. 604
(183 S.E. 565); Howard v. Columbus Bank Trust Co., 182 Ga. 23
(184 S.E. 713); Hancock v. Lizella Fruit Farm, supra.
Writ of error dismissed. All the Justicesconcur.
 No. 13071. FEBRUARY 17, 1940.
"Wilfred G. Gehr, trustee, | | No. 120,932 v. Fulton Superior Court City of Atlanta et al. | |
 "Trust Company of Georgia | | No. 116,357 v. 
T. E. Suttles et al. | Fulton Superior Court | *Page 702 
"Be it remembered that in the above case the plaintiff, W. G. Gehr, filed his petition on April 15, 1938, returnable to the July, 1938, term of the superior court of Fulton County, praying that the defendants Riley Elder, municipal revenue collector of the City of Atlanta, City of Atlanta, Samuel Rothberg, and Investors Finance Company, be enjoined from taking possession under a certain tax deed of the premises held by the plaintiff as transferee of the lessee, W. F. Winecoff, under a certain leasehold agreement, and that said tax deed be declared null and void because of excessive levy, improper service of the notice of levy, and for other diverse reasons, as set out in the petition. Said petition further sets out that the taxes for which the property was sold under the aforementioned tax deed were paid the City of Atlanta, the taxing authority which conducted the tax sale.
"Be it further remembered that on March 3, 1939, the plaintiff amended his petition, setting out specifically how the property which was conveyed under the tax deed could have been subdivided and a small portion thereof could have been sold to satisfy the tax lien, which amendment was allowed by the Honorable John D. Humphries.
"Be it further remembered that on June 2, 1938, T. Grady Head, as State Revenue Commissioner, intervened, praying for the appointment of a receiver and a sale of the property to satisfy certain ad valorem taxes alleged due to the City of Atlanta, State of Georgia, County of Fulton, and praying further that the County of Fulton, tax collector of Fulton County, Mrs. Alice Lowe, and others, be made party defendants, and that pursuant to said intervention a receiver was appointed by order of the Honorable Edgar E. Pomeroy, judge of the superior court of Fulton County, Georgia, on June 2, 1938, to take charge of the property.
"Be it further remembered that on February 8, 1939, an order was passed by the Honorable Edgar E. Pomeroy, judge of the superior court of Fulton County, Georgia, consolidating the cases of the Trust Company of Georgia, as executor of the estate of Rebie Lowe Rosenkrantz vs. T. E. Suttles et al., being case No. 116,367, Fulton superior court, with the case of petitioner, and ordered to proceed under No. 120,933.
"Be it further remembered that the demurrer of Riley Elder and the City of Atlanta to the plaintiff's petition came on to be *Page 703 
heard before the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, and that on July 28, 1939, the court passed an order sustaining said demurrer. To this ruling the plaintiff in error excepted, now excepts, and assigns same as error upon the ground that it is contrary to law.
"Be it further remembered that afterward on the same date the general demurrer of the plaintiff in error demurring to the intervention of Fulton County came on to be heard before the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, and that on July 28, 1939, the court overruled the demurrer of the plaintiff in error. To this ruling the plaintiff excepted, now excepts, and assigns same as error on the ground that it is contrary to law.
"Be it further remembered that afterward on the same date the general demurrer of T. E. Suttles, as tax collector of Fulton County, and Fulton County, to the plaintiff's petition came on to be heard before the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, and that on July 28, 1939, the court sustained said general demurrer. To this ruling plaintiff in error excepted, now excepts, and assigns same as error on the ground that it was contrary to law.
"Be it further remembered that afterward on the same date the special demurrer of petitioner to the intervention of Fulton County, demurring to certain parts of the intervention, came on to be heard before the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, and to this ruling plaintiff in error excepted, now excepts, and assigns same as error on the ground that it was contrary to law.
"Be it further remembered that afterward on the same date the plaintiff in error at the hearing before the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, orally adopted the general demurrer of Mrs. Alice Lowe to the intervention of T. Grady Head, State Revenue Commissioner, said demurrer setting out for its grounds that intervenor has no right to file the intervention, has no legal or equitable grounds for relief, and is not a proper party to the case. The plaintiff in error moved to strike said intervention, and on July 28, 1939, the Honorable Hugh M. Dorsey, judge of the superior court of Fulton County, Georgia, overruled said demurrer and motion. To this *Page 704 
ruling plaintiff in error excepted, now excepts, and assigns same as error on the ground that it was contrary to law.
"Petitioner alleges that the errors complained of constitute a final determination of said case, in so far as the plaintiff in error is concerned, and leaves the plaintiff in error without any remedy in law or in equity to enforce his rights.
"Plaintiff specifies as material to a clear understanding of the errors complained of the following portions of the record . . [specification of record].
"And now come the plaintiff, within the twenty days allowed by law, and presents this its fast bill of exceptions, and prays that same be signed and certified thereto, that the errors complained of may be considered and corrected, this the 16th day of August, 1939. [Signed] Attorneys for plaintiff in error."
Following the judge's certificate to the bill of exceptions was an acknowledgment of service to which the names of several attorneys were signed, as "Attorneys for defendant in error." It appeared from the record that none of these attorneys represented T. Grady Head, State Revenue Commissioner, but that the commissioner was represented solely by an assistant attorney-general, by whom there was no acknowledgment of service; nor was there other service, acknowledgment, or waiver, with respect to the State Revenue Commissioner.