The bill of exceptions does not designate or otherwise show who were intended as parties defendant in error. Furthermore it appears that R. O. Thompson, as administrator of the estate of B. R. Benton, was a party defendant in the trial court and was duly served. It further appears that by reason of the warranties of title contained in the various mortgages and security deeds executed by B. R. Benton the representative of his estate is interested in sustaining the judgment of the trial court. There was no service or waiver of service of the bill of exceptions as to this defendant. For these reasons the motion to dismiss the writ of error must be sustained. See Gehr v. Atlanta, 189 Ga. 701 (7 S.E.2d 264), and cit.
Writ of error dismissed. All the Justicesconcur.
 No. 13288. MAY 17, 1940. REHEARING DENIED JUNE 14, 1940.
Mrs. Odessa Ray brought proceedings against R. O. Thompson as administrator of the estate of B. R. Benton, naming a number of other persons as defendants, and seeking an injunction and a decree of title to a described tract of land. She alleged that in 1917 B. R. Benton, her father, while in possession as owner of the land sued for, agreed that if she would come back home he would give her the land, and that she accepted the gift and entered into possession of the land in 1918, and has made valuable improvements *Page 403 
on the premises. She further alleged that notwithstanding her ownership one of the named defendants was claiming the land and had instituted dispossessory proceedings against her; and she prayed for an injunction to prevent interference with her possession. By proper order of the court Oconee Naval Stores Company was allowed to intervene, and was made a party defendant. This defendant asserted title to the land by virtue of a series of mortgages and deeds to secure debt, containing warranty of title clauses, beginning in 1902, each reciting a recognition of all prior liens and a continuation in effect of the liens thereby created, all signed by B. R. Benton as grantor, who was in possession at the time of execution of each, the last of which was to Turpentine Rosin Factors Inc., dated February 2, 1932, and all of which were foreclosed in the district court of the United States, and the sale thereof to Turpentine Rosin Factors Inc. was confirmed by that court on September 17, 1932, and the sale consummated by deed dated September 20, 1932. This defendant claimed title by virtue of a warranty deed from Turpentine 
Rosin Factors Inc., dated November 23, 1932, conveying the land in dispute. A verdict in favor of the defendants was directed. The plaintiff excepted to the overruling of her motion for new trial.