A motion was made to dismiss the writ of error in this case on the ground, among others, that "nowhere in said bill of exceptions is any person or persons named as defendant in error or defendants in error by designation or by the alleged statement of the facts in said bill of exceptions." Held, it appearing from the bill of exceptions that this statement is true, the motion to dismiss must be sustained. Toccoa Electric Power Co. v. Panter, 178 Ga. 258
(173 S.E. 131); Hancock v. Lizella Fruit Farm, 184 Ga. 73
(190 S.E. 362); Gehr v. Atlanta, 189 Ga. 701 (7 S.E.2d 264), and citations.
Writ of error dismissed. All the Justicesconcur.
 No. 15423. APRIL 3, 1946.
The bill of exceptions in this case is as follows: "Georgia, Cherokee County.
"To the Supreme Court of Georgia: Be it remembered that in the case of Hugh N. Echols against Southern Mining and Engineering Company, Inc., R. F. Jeffrey, O. F. Thompson, and J. T. Atkins, returnable to the August term, 1944, of Cherokee Superior Court, being an action for fraud, receivership, etc., with a rule nisi returnable to March 25, 1944, the Honorable J. H. Hawkins, judge presiding, passed an order restraining plaintiff from changing the state of his property and restraining the Southern Mining and Engineering Company, Inc. from moving any of their property from the jurisdiction of the court, and in this same order the court construed the contract attached to the petition as an exhibit as being a lease and not a partnership contract.
"To this ruling the plaintiff in error excepted, now excepts and filed exceptions pendente lite on the 24th day of April, 1944, and had the same certified by said judge, and plaintiff in error now assigns the same as error upon the ground that it was contrary to law.
"Plaintiff in error shows that a great number of interventions and other parties were made in said case, and that by agreement of all of the parties the whole matter was referred to the Honorable J. G. Roberts, as auditor, with authority to pass on the law and facts after hearing testimony in said case, and that, after taking down testimony of all the parties at great length, said auditor filed his report and the same was re-referred to him and he filed his supplemental report on the 16th day of October, 1945.
"Plaintiff in error shows that on November 3, 1945, Honorable J. H. Hawkins passed an order appointing Honorable Howell Brooke, Esq., of Canton, Georgia, as receiver, and directed that the property be sold and the record kept of the amount of each piece of property bought, together with a number of other things contained in said order. The judge having passed these orders as above referred to and such rulings being controlling and even binding the auditor in his report, plaintiff in error contends that they all entered into and affected the final progress and results of the case, and the court erred in entering the said orders at the time they were made. *Page 610 
"After said rulings and orders and the final report of the auditor, the honorable court on the 25th day of December, 1945, entered a final judgment as follows: [Stating case.]
"`The report of the auditor having been filed, and no exceptions having been filed to same within the time prescribed by law, it is therefore ordered, considered, and adjudged by the court that the auditor's report be, and the same is hereby, made the judgment of the court, and in compliance with the terms of said report it is ordered and adjudged as follows: [Then follow thirteen numbered paragraphs, fixing liens against certain funds in court and rendering judgments in favor of various parties, some of such judgments being against H. N. Echols, and taxing costs.]
"`14th. That the receiver, Howell Brooke, is here directed to pay said several sums of money to the parties herein named out of the funds in his hands as receiver, and that any and all funds then remaining in his hands be paid over to the Southern Mining and Engineering Co. Inc., or their attorney, H. G. Vandiviere.'
"To the action of the court in signing this judgment, the plaintiff in error excepted, now excepts and assigns the same as error, upon the ground that the same is contrary to law and contrary to a proper interpretation of the auditor's report, and that, the errors heretofore complained of being controlling in effect, the said judgment illegally terminated the case, plaintiff in error contends.
"Plaintiff in error specifies as material to a clear understanding of the errors complained of the following portions of the record, to wit: [Specification of record.]
"And now comes Hugh N. Echols within the time provided by law and assigns error on all of the rulings complained of as being contrary to law, and tenders this his bill of exceptions and prays that the same may be certified and transmitted to the Supreme Court of Georgia in order that the alleged errors may be considered and corrected, all as provided by law."
The bill of exceptions was duly signed by attorneys for the plaintiff in error.