18967.  ZIMMERMAN *v.* OSBURN, executrix, *et al.*

HAWKINS, Justice.  In this case the bill of exceptions recites that the plaintiff brought an equitable petition, which is set out in the bill of exceptions, against a named defendant as an individual and as executrix of the will of a named testatrix, and that the plaintiff amended her petition by alleging that a third person, a minor and legatee under the will of the deceased testatrix, would be affected by the judgment rendered, and prayed that such third person be made a party defendant and served, and that a guardian ad litem be appointed to represent such minor, which amendment was allowed by the trial court and ordered filed subject to objection, copy of the amendment also being set out. The bill of exceptions further recites that the defendant as an individual and as executrix filed demurrers to the petition, which were sustained, and to which judgment the plaintiff excepts, but no party is designated in the bill of exceptions as defendant in error, and the only service

appearing thereon is an acknowledgment by a named attorney as "Attorney for defendants in error." *Held:*

1. "It is the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error where jurisdiction is lacking." *Stewart* v. *Stewart,* 208 *Ga.* 83 (1) (65 S. E. 2d 151).

2. "A bill of exceptions should on its face affirmatively and unequivocally show who are the parties thereto. . . Respecting designation of the parties, the rule is well settled by the decisions of this court that the recitals in a bill of exceptions should in every instance be sufficiently clear and explicit to enable the officer into whose hands it may be placed for service to determine beyond peradventure precisely whom he is expected to serve with a copy of the same." *Lanier* v. *Bailey,* 206 *Ga.* 161 (2) (56 S. E. 2d 515).

3. "An acknowledgment of service of the bill of exceptions by an attorney of record in the trial court as attorney for 'defendant in error' does not cover any person who was not, at the time such acknowledgment was entered upon the bill of exceptions, actually named or designated therein as a party defendant in error." *Hancock* v. *Lizella Fruit Farm,* 184 *Ga.* 73 (190 S. E. 362). See also *Chandler* v. *Foote & Davies Co.,* 210 *Ga.* 370 (3) (80 S. E. 2d 292).

4. "No party being designated in the bill of exceptions as defendant in error, the writ of error must be dismissed." *Fowler* v. *Wheeler,* 176 *Ga.* 189 (167 S. E. 107). See also *Gehr* v. *City of Atlanta,* 189 *Ga.* 701 (1) (7 S. E. 2d 264), and cases there cited.

*Writ of error dismissed. All the Justices concur.*

ARGUED MAY 9 AND 10, 1955—DECIDED JUNE 14, 1955—REHEARING DENIED JULY 14, 1955.

*James S. Wilson, Eugene C. Black,* for plaintiff in error.
*Louis A. Peacock,* contra.

