## DOUGLAS *v.* BROOKE; *et vice versa.*

Where on a verdict for the plaintiff against two defendants a decree was accordingly entered, and thereafter on the plaintiff's motion an order was passed modifying the decree as to amounts only, but denying his motion to reform it, to which order he excepted; and where but one of the defendants was made a party to and served with the bill of exceptions, the other defendant being a necessary party, the writ of error is subject to dismissal on motion.

Nos. 2701, 2710.　DECEMBER 14, 1921.

Motion to amend decree.　Before Judge Blair.　Cobb superior court.　April 16, 1921.

*J. V. Poole,* for plaintiff.　*G. F. Gober,* for defendant.

HILL, J.　Lee Douglas brought suit against J. W. Lyle and J. P. Brooke, on two purchase-money notes. Lyle filed an answer, and Brooke also filed an answer by way of a cross-bill; and on the trial of the case the jury rendered the following verdict: "We, the jury, find in favor of the plaintiff against the defendant J. W.

Lyle, and J. P. Brooke, on the notes sued on, the sum of $1014.60; interest $260.85; attorney's fees $127.54. We further find, on the cross-bill filed by J. P. Brooke and the amendment filed by the plaintiff, in favor of the plaintiff against J. P. Brooke, the sum of $1470.85, as the balance due on the purchase-money of the property described in the bond for title, and that plaintiff have a special lien on said property for this amount, and that the property described in the bond for title be sold for same. We further find that upon payment of this finding against J. P. Brooke it shall be in full satisfaction with our finding against J. W. Lyle and J. P. Brooke jointly." A decree was rendered in accordance with the verdict. Subsequently a petition was filed by Lee Douglas, praying that the decree of May 10, 1919, be amended; and the court, on April 16, passed an order amending the decree as therein set out, which order, so far as material, is as follows: " It is accordingly decreed that said sum of $741.13 [the amount found by the court to be due Douglas by Brooke after deducting certain rents and interest received by Douglas subsequently to the judgment] is a special lien upon the property involved, and that the said Douglas is entitled to have execution issue therefor and bring the said property to sale for the satisfaction of said sum, unless and provided that if the said Brooke shall pay said sum of $741.13 with interest from April 9, 1921, to the said Douglas, that he, the said Douglas, shall thereupon within ten days execute to the said Brooke good and sufficient title to the property involved as provided in the original decree in said case. Except as herein modified as to amounts, the original decree in said case remains as signed, and the motion of Douglas to reform it is denied." To this judgment amending the decree Douglas excepted and brought the case to this court by bill of exceptions, in which J. P. Brooke was made a party defendant, and service was perfected upon Brooke; but Lyle was neither made a party defendant nor was service of the bill of exceptions made upon him, nor did he authorize any one to acknowledge service for him.

J. W. Lyle, against whom the verdict and original decree was rendered, was a necessary party to the bill of exceptions; and the bill of exceptions failing to make him a party thereto, the motion to dismiss must be sustained.

*Writs of error dismissed. All the Justices concur.*