21619. REED *v.* LIBERTY NATIONAL BANK & TRUST CO.

BROYLES, C. J. 1. "A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of the creditor" (Civil Code of 1910, § 3567), and is entitled to recover from his cosurety (where there are only two sureties) half of the amount paid by him,

with interest thereon and attorney's fees, provided the debt paid by the surety was past due and the statutory notice of suit was given. See, in this connection, Civil Code (1910), § 3552; *Youmans* v. *Puder*, 13 *Ga. App.* 785 (80 S. E. 34).

2. "The surety entitled to contribution may sue his cosureties upon the written evidence of indebtedness (in which case the period of limitation would be that applicable to instruments of its class), or upon the implied contract raised by law in favor of one surety against his cosureties for contribution (in which instance the period of limitation would be that of an implied assumpsit)." *Bigby* v. *Douglas*, 123 *Ga.* 635 (2) (51 S. E. 606); *Hull* v. *Myers*, 90 *Ga.* 674 (4) (16 S. E. 653); *Train* v. *Emerson*, 141 *Ga.* 95 (80 S. E. 554, 49 L. R. A. (N. S.) 950). In the instant case the petition, properly construed, discloses that the action for contribution was founded upon the written evidence of indebtedness.

3. Under the foregoing rulings and the facts of the case, the ruling on the demurrers to the petition ("overruling all of the demurrers except demurrers 2(a) and 2(b), which grounds of demurrer had been met by an amendment to plaintiff's petition") was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness*

DECIDED JANUARY 12, 1932.

*Hilch, Denmark & Lovett,* for plaintiff.
*Anderson, Cann & Cann,* for defendant.