## 34756. WESTBROOK v. JAMES.

CARLISLE, J. 1. It is not only the right but the duty of this court, with or without motion, to inquire into its jurisdiction, and to dismiss a writ of error wherein it appears that jurisdiction is lacking in this court. *McKee* v. *Radcliffe,* 88 *Ga. App.* 574 (76 S. E. 2d 824), and citation.

2. " 'All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the' . . . [appellate court], and must be made parties to the bill of exceptions, or the writ of error will be dismissed. Civil Code (1910), § 6176 [Code § 6-1202]; *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316).' *Malsby* v. *Shipp,* 177 *Ga.* 54 (1) (169 S. E. 308)." *Stewart* v. *Stewart,* 208 *Ga.* 83 (65 S. E. 2d 151).

3. The payee in a certain promissory note brought an action against the maker, who was never served, and three named sureties. One of the named sureties interposed a plea of non est factum, contending that he had not signed his name in any capacity to the note sued on. The jury returned a verdict against the three named sureties. The surety who had interposed the plea of non est factum made a motion for new trial, which he served upon the plaintiff payee and the other named sureties, and, when the motion was overruled, he sued out a bill of exceptions to this court, in which he names himself as plaintiff in error and names the plaintiff payee as the defendant in error. The other sureties were not made parties to the bill of exceptions, were not served with a copy of the bill of exceptions, and have not acknowledged or waived service of the bill of exceptions and agreed that this court might consider the writ of error on its merits. Those two sureties are interested in sustaining the judgment of the trial court and would be adversely affected by a reversal. Sureties are entitled to contribution as between themselves (*Reed* v. *Liberty National Bank &c. Co.,* 44 *Ga. App.* 544, 162 S. E. 154, and citations) ; and the effect of a reversal of a judgment as to one of three sureties is to increase the amount for which the other two sureties are liable from one-third to one-half the sum of the judgment. The other two named sureties are necessary parties to the present bill of exceptions and, since they have not been properly made parties, the writ of error must be dismissed for want of jurisdiction in this court. *Daniel* v. *Virginia-Carolina Chemical Corp.,* 50 *Ga. App.* 275 (177 S. E. 925) ; *Butler* v. *Kendrick,* 172 *Ga.* 322 (158 S. E. 13) ; *Douglas* v. *Brooke,* 152 *Ga.* 373 (110 S. E. 16).

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 8, 1953—REHEARING DENIED NOVEMBER 17, 1953.

*G. B. Walker, H. E. Edwards,* for plaintiff in error.
*Leon Boling,* contra.

· ON MOTION FOR REHEARING.

CARLISLE, J. While it is true that the failure of the plaintiff in error to make the other two sureties parties to the bill of

exceptions is, under the circumstances of this case, an amendable defect, and the plaintiff in error has filed, along with his motion for rehearing, an amendment in which he seeks to make the other two sureties parties *plaintiff in error*, it was made clear in the original opinion in this case that the other two sureties were necessary parties defendant in error, and that they should have been so named and served with a copy of the bill of exceptions or that an acknowledgment or waiver of service of the bill of exceptions should have been secured with an agreement that this court might proceed to consider the case on its merits. Since these things could have been done during the time allowed for rehearing following the announcement of the decision, but, instead of doing so, the plaintiff in error has sought to pursue another course, which is not permissible under the circumstances of this case, we take it that he has been unable to secure a waiver of service of the bill of exceptions and agreement by them that this court consider the case on its merits, without which this court has no jurisdiction to consider the case, as we have pointed out in the original opinion. The original judgment of dismissal is adhered to on rehearing.

*Judgment adhered to on rehearing. Gardner, P. J., and Townsend, J., concur.*