36295. FULTON BAG & COTTON MILLS *v.* BENTLEY.

DECIDED OCTOBER 19, 1956.

*Gambrell, Harlan, Russell, Moye & Richardson, Theo. M. Forbes, Jr., James C. Hill,* for plaintiff in error.

*Paul T. O'Connor, Robert L. O'Neil,* contra.

GARDNER, P. J.   It appears from records that there were conflicting opinions of physicians as to the extent of the injury and also as to whether or not the defendant had reached maximum improvement.   Counsel for the employer in the argument makes this statement:

"Apparently this is a case of first impression in a workmen's compensation matter.   Specifically, the employer asks this court to decide whether the State Board of Workmen's Compensation should decide a case as of the date of the hearing or as of the date that the record is closed.   It is a well known and customary practice before that tribunal for the record to be held open for a reasonable length of time for the purpose of taking medical testimony.   The practice is sound, for it enables both parties to

have the advantage of medical testimony in the case without requiring physicians to leave their offices during office hours and sit in a courtroom while waiting their turn on the witness stand.

"In the instant case, the last examination by Dr. Charles E. Dowman took place two and one-half months after the hearing before the deputy director. The reason for the delay is not pertinent, but was not attributable to the fault of either party."

Counsel states correctly that this question has never been decided by the appellate courts, but we have always been of the opinion that it was the duty of the State Board of Workmen's Compensation, in arriving at the facts, to consider all of the testimony from the first hearing until the finding of facts and award. The evidence disclosed by this record, when thus considered, is sufficient to support the award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*