## 54340. POOLE v. INSURANCE COMPANY OF NORTH AMERICA et al.

BIRDSONG, Judge.

This is a workmen's compensation case in which the claimant was denied compensation by the administrative law judge. The appellant was employed as a lens grinder with the employer, C/R Optimax-U. S. Industries, Inc. in Clayton County. His job required the application of extreme pressure against the grindstone with the edge of the lens, this pressure being applied by using his hands to press the lens against the stone. While exerting heavy pressure on the lens, the lens slipped out of his grasp; he lost his balance, and was thrown forward. In order to keep from falling against the wheel, appellant caught himself, injuring the second and third fingers of his left hand, as well as the hand itself. His supervisor was notified; appellant left his job and has not worked since. He alleges that he has been extremely nervous and upset and unable to work.

The administrative law judge found that the appellant did in fact suffer an injury to his hand, but due to appellant's failure to submit any evidence as to disability of the hand, the administrative law judge was unable to make a finding with respect to this injury. The administrative law judge further stated in his findings of fact that any disability appellant suffered as a result of nervousness or high blood pressure was wholly unrelated to appellant's on-the-job injury. The Judge of the Superior Court of Clayton County affirmed the award of the administrative law judge.

Appellant enumerates as error the affirmance by the superior court of the award made by the administrative law judge. After thoroughly reviewing the evidence in this case, we cannot say that the evidence does not support the award of the administrative law judge and the Superior Court of Clayton County. A finding of fact by an administrative law judge of the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have the authority to set aside an award based on those findings of fact, merely because

he disagreed with the conclusions reached therein. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65). Neither this court nor the superior court has the authority to substitute itself as a fact finding body in lieu of the board of workmen's compensation. *Employees Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12). There is no error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED OCTOBER 7, 1977 — REHEARING DENIED OCTOBER 21, 1977.

*Jack Dorsey,* for appellant.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellees.