## 59087. COOPER v. SIMMONS COMPANY.

CARLEY, Judge.

Apellant's claim for workers' compensation was denied by the administrative law judge. This award was affirmed by the full board and the superior court. Appellant's petition for discretionary appeal to this court was granted in order that we might review the finding that appellant "has failed to sustain the burden of proving a period of disability in excess of seven days as a result of the injury."

1. The evidence shows, and the administrative law judge found, that appellant sustained a work-related injury on or about June 15, 1978. Appellant contends that the finding that he was not "disabled" for seven days was based solely on the June 20, 1978, report of the company doctor which discharged appellant from treatment and authorized him to return to work without restrictions. He urges that no consideration was given to subsequent reports of the same doctor which indicated the need for "Further Treatment." Appellant also contends that no consideration was given to the medical reports of Grady Hospital where he went for treatment of pain. It is argued that, on this basis, the board erred in failing to consider all of the evidence concerning his "disability." *Fulton Bag &c. Mills v. Bentley,* 94 Ga. App. 492 (95 SE2d 32) (1956).

We do not agree. The documents of the company physician which appellant contends were not considered by the board are in the record and were before the administrative law judge, though she made no *specific* reference to them in her findings. However, it is clear from the reference in the award to the several subsequent

visits to the company doctor that the administrative law judge was aware of and did consider the doctor's reports concerning these later visits. The award of the administrative law judge, as adopted by the full board, makes specific reference to both appellant's visits to Grady and his medical records from that hospital. The award of the full board specifically states that it considered de novo all the evidence and made the findings and conclusions of the administrative law judge its own. Arguments that the board failed to consider the evidence are meritless. Cf. *Colbert v. American Fire & Co.,* 124 Ga. App. 808 (186 SE2d 432) (1971); *E. Z. Shop Curb Service Shop v. Pearce,* 100 Ga. App. 785, 786 (2) (112 SE2d 412) (1959).

2. Appellant also contends that he could not return to work because of the pain and urges that his testimony to this effect, coupled with the medical records subsequent to his June 20, "discharge" by the company physician demonstrate that the finding that he was not "disabled" was erroneous. We disagree.

The findings of fact by the State Board of Workers' Compensation are conclusive and binding on a reviewing court when supported by any evidence and the judge of a superior court does not have any authority to set aside an award based upon such findings of fact. Such award should be affirmed if there is any evidence to sustain it, even though such evidence is conflicting, or not altogether complete and satisfactory. There is sufficient evidence to sustain the award of the board and, thus, the superior court did not err in dismissing appellant's appeal. *Poole v. Insurance Co. of N. A.,* 143 Ga. App. 623 (239 SE2d 191) (1977).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED APRIL 8, 1980.

*Jack Dorsey,* for appellant.
*Earl B. Benson, Jr., R. Milton Crouch,* for appellee.