## 67980. ROTHELL v. WAFFLE HOUSE, INC.

BENHAM, Judge.

In the employer/appellee's appeal to the superior court from a workers' compensation award to the employee/appellant, the superior court remanded the case to the board for reconsideration on the ground "that the Board may have failed to weigh and consider . . ." information contained in a physician's report. Appellant contends that the trial court exceeded its authority in making that remand. We agree and reverse.

As the trial court noted, there is no requirement that the administrative law judge make specific reference to all evidence presented at the hearing. *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (1) (280 SE2d 140) (1981). The award of the administrative law judge in the present case recited that it was "[b]ased on a careful review of *all* the evidence, including the medical exhibits . . ." (Emphasis supplied.) The award of the full board stated: "Upon de novo consideration of *all* evidence, the Board makes the findings of the administrative law judge its findings and conclusions." (Emphasis supplied.) That being so, "[a]rguments that the board failed to consider the evidence are meritless. [Cits.]" *Cooper v. Simmons Co.*, 154 Ga. App. 260

(1) (267 SE2d 866) (1980). Although there are conflicts in the evidence concerning the date of injury in this case, there is no evidence, as there was no evidence in *Union Carbide Corp. v. Coffman*, supra, that the administrative law judge and the board did not consider all the evidence. It follows that the trial court's remand to the board was reversible error.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 14, 1984.

*Jack V. Dorsey*, for appellant.
*Susan V. Sommers*, for appellee.