73701. HENDERSON v. MRS. SMITH'S FROZEN FOODS et al.
(357 SE2d 271)

BEASLEY, Judge.

This appeal follows the grant of discretionary review of the trial court's order remanding this workers' compensation case to the full board for further consideration because the court was uncertain whether the board considered all the evidence.

1. Although not raised, the first matter to be determined is our jurisdiction. *Westbrook v. James*, 89 Ga. App. 234 (1) (79 SE2d 19) (1953); *Evans v. Davey*, 154 Ga. App. 269, 270 (267 SE2d 875) (1980). Since the lower court order instigated further proceedings before the board it was not final. This raises the issue of whether the applicant should have sought interlocutory review under OCGA § 5-6-34 rather than discretionary review under OCGA § 5-6-35. In our view the Supreme Court of Georgia has furnished a definitive answer to this question in *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 730 (273 SE2d 139) (1980), by holding: "The 1979 Act, Code Ann. § 6-701.1 [now OCGA § 5-6-35], applies to all appeals specified in section (a) (1) or (2), whether the judgment be final, interlocutory, or summary. That Act is to be interpreted reasonably to accomplish the General Assembly's intended purpose."

Appellant properly sought discretionary review of the lower court's order.

2. As to the merits, the facts are not complex. Claimant injured her back and was placed on total disability. On a change of condition hearing the ALJ found she was impeached and not worthy of belief because she denied being able to work. The employer had used an investigator who reported she altered pants for him and baked him a cake and told him she was in the business of alterations and cakes. Thus the ALJ found her to be capable of returning to work and suspended her disability payments. On appeal the full board by a split decision found that the claimant did not regularly work and there was no change in condition. The board also found the employer's actions "reprehensible" and in presenting this case it was "most unreasonable" so that the board imposed attorney fees in the amount of $1,000.

(a) The board's failure to mention certain evidence contrary to its findings of fact, which evidence the superior court apparently considered persuasive if not conclusive, led the superior court to conclude that it was uncertain, as a reviewing court, whether all the evidence was duly considered by the board. We agree with appellant's assertion that this was error as not in keeping with the superior court's function as set out in OCGA § 34-9-105 (c).

There is authority for remanding a case to the board based upon uncertainty that all the evidence had been considered. OCGA § 34-9-105 (d); *American Mut. &c. Ins. Co. v. Williams*, 133 Ga. App. 257,

259 (211 SE2d 193) (1974); *West-Point Pepperell v. Payne*, 151 Ga. App. 541 (260 SE2d 412) (1979). Nevertheless, the mere failure to refer to all the evidence in the findings of fact does not establish that the board did not consider the evidence in its review of the matter. *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (1) (280 SE2d 140) (1981); *St. Regis Flexible Packaging Corp. v. Helm*, 172 Ga. App. 251, 254 (2) (322 SE2d 549) (1984).

"The findings and conclusions of the full board supersede those of the administrative law judge [Cit.], and we are required under the 'any evidence' rule to uphold those findings and conclusions . . ." *Carter v. Kan. City Fire &c. Ins. Co.*, 138 Ga. App. 601, 604 (226 SE2d 755) (1976); *Poulnot v. Dundee Mills Corp.*, 173 Ga. App. 799 (328 SE2d 228) (1985). The ALJ's award detailed the facts upon which the conclusions were based. Reaching a contrary result, the board set forth specifically the facts upon which it relied and predicated its findings and conclusions "upon de novo consideration of all the evidence," an express statement in its order. Its order further demonstrates, by its content, that this is so. There is no basis for concluding as did the superior court that, as a matter of law, the board failed to fulfill its duty and considered only some of the evidence in its decision-making process. See OCGA § 34-9-103 (a).

In view of these circumstances it is inconceivable that the evidence questioned by the court was not considered, although rejected, by the board. Because there is no requirement that specific reference be made to all the evidence, the trial court erred in remanding based on the omission of recitation of certain evidence. *Cooper v. Simmons Co.*, 154 Ga. App. 260 (1) (267 SE2d 866) (1980); *Rothell v. Waffle House*, 171 Ga. App. 199 (319 SE2d 73) (1984). The order of the board was adequate to meet the legal requirements of OCGA § 34-9-103 (a).

(b) The second issue presented concerns the remand because the evidence failed to show that the employer acted without reasonable grounds in bringing the proceedings. Assessment of attorney fees based upon whether those were reasonable grounds ordinarily is a factual issue. *American Motorist v. Corbett*, 144 Ga. App. 845, 846 (3) (242 SE2d 748) (1978). "However, attorney fees may not be awarded where the matter was closely contested on reasonable grounds." *Ga.-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 804 (3) (320 SE2d 850) (1984). Accord *Carroll v. Dan River Mills*, 169 Ga. App. 558, 561 (313 SE2d 741) (1984). Here there is some evidence to support the board's award of attorney fees, and we do not believe that the record supports the necessity of a remand to the board on this issue as a matter of law.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

Decided April 22, 1987 —
Rehearing denied May 8, 1987 — 

*George E. Mundy*, for appellant.
*H. Durance Lowendick*, for appellees.