77346. ROBERSON v. ENGLEHARD CORPORATION et al.
(379 SE2d 524)

BENHAM, Judge.
We granted appellant/employee's application for discretionary review of his workers' compensation case to determine whether the

superior court erred in reversing and remanding appellant's case to the State Board of Workers' Compensation, based on the court's finding that the board did not consider all the evidence. Having reviewed the record, we find that the lower court did err, and we reverse the judgment.

While running heavy equipment over rough terrain in the course of his employment with appellee/employer Englehard Corporation, appellant aggravated a previously-existing back condition. The injury, which occurred on March 14, 1986, and caused him to be totally disabled from April 14, 1986, to December 15, 1986, was found to be compensable. On December 29, 1986, appellant had resumed work and injured his back while carrying a pipe. The second injury was also later found to be compensable. Appellant's physician, Dr. Cohn, testified, in effect, that the two injuries probably caused an additional extrusion of the pre-existing disk herniation. The administrative law judge stated that he considered all the evidence, and concluded that the employer was required to pay appellant accrued compensation benefits and attorney fees in a lump sum. The full board reviewed the award and "upon de novo consideration of all evidence," made the ALJ's decision its own. The employer appealed to the superior court, and the court, finding that the board did not consider all the evidence, reversed the judgment and remanded the case to the board to "consider all of the evidence and reconcile any conflicts in the evidence presented." The court also decided that there was not sufficient evidence to support the conclusion that the employer defended the December 29 injury without reasonable grounds, and so it reversed the attorney fees award that had been made under OCGA § 34-9-108 (b) (1) (2). We agree with appellant's assertion that the trial court erred in its judgment.

This case is controlled by *Henderson v. Mrs. Smith's &c. Foods*, 182 Ga. App. 829 (2) (357 SE2d 271) (1987), which held that while there is "authority for remanding a case to the board based upon uncertainty that all the evidence had been considered [cits.] . . . , the mere failure to refer to all the evidence in the findings of fact does not establish that the board did not consider the evidence in its review of the matter. [Cits.] . . . The ALJ's award detailed the facts upon which the conclusions were based . . . [and the board] predicated its findings and conclusions 'upon de novo consideration of all the evidence,' an express statement in its order . . . There is no basis for concluding as did the superior court that, as a matter of law, the board failed to fulfill its duty and considered only some of the evidence in its decision-making process. See OCGA § 34-9-103 (a) . . . [I]t is inconceivable that the evidence questioned by the court was not considered, although rejected, by the board. Because there is no requirement that specific reference be made to all the evidence, the

trial court erred in remanding based on the omission of recitation of certain evidence. [Cits.] The order of the board was adequate to meet the legal requirements of OCGA § 34-9-103 (a)." *Henderson* also controls the attorney fees issue. Assessment of attorney fees based upon whether the employer acted without reasonable grounds in contesting the claim ordinarily is a factual issue. There being some evidence to support the board's award of attorney fees, the record does not support the necessity of a remand to the board on this issue as a matter of law. Id. at 830.

The superior court's reliance on *Carrollton Coca-Cola &c. Co. v. Brown*, 185 Ga. App. 588 (365 SE2d 143) (1988), is misplaced. That case is distinguishable from *Henderson* and the one before us, because in the latter two cases there was an affirmative statement that the board did consider all the evidence, the findings and conclusions showed the board ruled on all of the issues in question, and the evidence supported its conclusions, although the rulings did not comport with the conclusions of the superior court. In *Carrollton Coca-Cola*, there is no such statement of consideration of all evidence, and it was shown that the board "failed to consider a salient issue which might have affected all issues." Id. at 591. Based on the foregoing, we reverse the judgment of the superior court.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED MARCH 10, 1989 —

*Marcus, Moskowitz & Associates, Steven E. Marcus*, for appellant.

*Martin, Snow, Grant & Napier, R. Napier Murphy, Phillip A. Sibley*, for appellees.