A92A0814. CONTAINER CORPORATION OF AMERICA et al.
v. GRAY.
(422 SE2d 561)

SOGNIER, Chief Judge.

Donald Gray, a sawmill equipment operator at Container Corporation of America, was injured on October 31, 1989 during the course of his employment when he slipped while descending a piece of machinery and fell on his back. Testing in late January 1990 revealed a possible herniated disc at the L4-L5 level of Gray's spine, and surgery was performed after a myelogram, conducted on February 20, 1990 by Dr. H. A. Griffin, yielded results consistent with the earlier testing. Dr. Griffin, in his report regarding the myelogram test results, noted there was no evidence of any damage to Gray's spine at the L5-S1 level. However, when Gray continued to experience back pain, a test performed in November 1990 while Gray was under the care of Dr. Wade Renn revealed that Gray also had a protruding disc at the L5-S1 level. Gray's claim for workers' compensation coverage of the surgery Dr. Renn recommended to address the protruding disc at the L5-S1 level was controverted by Container Corporation on the basis that the problem was not caused by Gray's work-related injury. The ad-

ministrative law judge found in favor of Container Corporation, and the State Board of Workers' Compensation, after de novo review of all the evidence, made the ALJ's award its own. On appeal, the Superior Court of Clinch County remanded the case to the Board based upon its determinations that the Board had failed to consider evidence before it and had relied on evidence not in the record. We granted Container Corporation's application for discretionary appeal.

We reverse. The findings of fact of the ALJ which the Board adopted consisted primarily of the ALJ's finding that there was "no connection between [appellee's] spinal problem at the L5-S1 level and [his] injury at work on October 31, 1989." In making this finding, the ALJ expressly stated that the record before him consisted solely of evidence presented by appellants because of appellee's failure to respond to an order entered earlier by the ALJ. Regardless whether the ALJ was correct in stating that appellee's evidence was not properly before him, the record clearly establishes that appellee's evidence *was* in the record when the Board considered his appeal. The Board, in its order, expressly stated it considered "all evidence" before making the ALJ's award its own. Thus, we cannot agree with the superior court that the ALJ's failure to consider appellee's evidence can be attributed to the Board when the evidence was in the record at the time the Board considered all of the evidence. Compare *American Mut. &c. Ins. Co. v. Williams*, 133 Ga. App. 257 (211 SE2d 193) (1974) (remand to Board affirmed where, despite Board's statement it considered " 'the entire evidence,' " record unclear whether additional evidence was before Board at time of its ruling). "There is no basis for concluding as did the superior court that, as a matter of law, the board failed to fulfill its duty and considered only some of the evidence in its decision-making process. [Cit.]" *Henderson v. Mrs. Smith's Frozen Foods*, 182 Ga. App. 829, 830 (2) (a) (357 SE2d 271) (1987). Rather, we must conclude that the Board, after de novo consideration of the evidence introduced by both appellee and appellants, concluded that the ALJ's award was correct because it found there was no causal connection between appellee's work-related injury and his current spinal problem.

"The findings and conclusions of the full board supersede those of the administrative law judge, and we are required under the 'any evidence' rule to uphold those findings and conclusions." (Citations and punctuation omitted.) *Henderson*, supra. Dr. Griffin's report of the test results in February 1990 indicating that appellee's L5-S1 level was normal at that time constituted some evidence to support the Board's award. We note that appellee's evidence before the Board on the issue of the causal connection could not be considered overwhelming, inasmuch as it consisted of Dr. Renn's statement that it "is always possible" the test conducted by Dr. Griffin would not have

shown the L5-S1 disc injury; appellee's statement in his affidavit that it was his "belief" he had injured both discs in the October 1989 fall and work-related injury; and Social Security Administration evaluations from May 1990 indicating the L4-L5 and L5-S1 levels as the spinal area appellee identified as the source of his back pain.

The superior court also found remand was necessary because the Board considered evidence not in the record. The record shows that the ALJ's order incorrectly reflects "1991" rather than 1990 as the year of Dr. Griffin's report. In adopting the ALJ's award, the Board failed to acknowledge that misstatement, although the record reveals that appellee, in his appeal to the Board, specifically directed the Board's attention to the incorrect date and argued in his brief that the mistake in dates could have led the ALJ to the conclusion that Dr. Griffin's report that the L5-S1 level area was normal postdated Dr. Renn's determination that appellee had a protruding disc at that area of his spine. The superior court remanded the case based on its conclusion that there was no "1991" report in the record to support the award of the ALJ or the Board.

It is obvious from a review of the ALJ's findings of fact, in which he discusses Dr. Griffin's report, the test results reported therein, and cites the correct month and day of the report, that the ALJ was referring to an extant document in the record, i.e., Dr. Griffin's report of February 20, 1990, and we reverse the superior court's ruling that remand was necessary because that report was not in the record. We do not agree with appellee that the superior court's ruling was right for the reason that the incorrect year was more than a typographical error but instead constituted a misstatement of significant testimony which might have erroneously influenced the award. See *Fidelity & Cas. Ins. Co. v. CIGNA/Pacific &c. Ins. Co.*, 180 Ga. App. 159, 162 (2) (348 SE2d 702) (1986). The misstatement as to the time the test results showed normal discs at the L5-S1 level was clearly insignificant considering the additional evidence adduced by appellee showing that Dr. Renn's own review of appellee's earlier test results (undertaken before the November 1990 testing that revealed the protruding disc at the L5-S1 level) failed to reveal any new basis for appellee's back pain. See *Chevrolet-Pontiac-Canada &c. Corp. v. Millar*, 182 Ga. App. 889-890 (1) (357 SE2d 598) (1987).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Savell & Williams, Tash J. Van Dora, Grant G. Morain*, for appellants.

*Hackel & Hackel, Thomas M. Hackel,* for appellee.