## A98A0758. JOHNSON v. WEYERHAEUSER COMPANY.
(499 SE2d 916)

ELDRIDGE, Judge.

We granted the discretionary appeal in this workers' compensation case to determine whether the superior court exceeded the scope of its review in reversing the appellate division's award of benefits.

Robin Johnson was employed as a technician in a pulpwood factory, and her job duties included unloading and cleaning out rail cars of paper. In January 1995, she injured her neck at work, and the employer paid medical expenses for treatment of the injury until November 1995. On October 23, 1995, Johnson developed lower back

pain while sweeping out a rail car and immediately reported it to her first responder. Following this injury, the employer made light duty work available to her until January 11, 1996, but not thereafter. She returned to work on August 27, 1996, but the employer sent her home because she was demonstrating a neck problem and wearing a neck brace.

Johnson filed a workers' compensation claim on February 2, 1996, based on the January 1995 neck injury and the October 1995 injury. Noting various inconsistencies in the evidence concerning whether Johnson's injuries occurred at work or during outside activities, the ALJ denied the claim on the ground that Johnson failed to prove any work-related accidental injury. The appellate division rejected the ALJ's findings and conclusions as not supported by a preponderance of the competent and credible evidence, resolved the inconsistencies in Johnson's favor, and awarded benefits. The appellate division further found that the claim for the January 1995 neck injury was timely, as it was filed within one year of the last medical treatment provided by the employer.

However, the superior court reversed the appellate division, holding that (1) the appellate division's findings were not supported by sufficient competent evidence of record, (2) the appellate division failed to give any consideration to the ALJ's credibility determinations, and (3) the preponderance of the competent and credible evidence supported the ALJ's decision.

Before the 1994 amendment of OCGA § 34-9-103 (a), the appellate division's review of an ALJ decision was de novo. The 1994 amendment changed the scope of review so that the findings of fact made by an ALJ shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence. In *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137 (473 SE2d 166) (1996), this Court held that the new standard still allows the appellate division to make determinations regarding the credibility of the evidence and substitute its own findings of fact based on such.

The Supreme Court has upheld that construction: "Thus, the appellate division must weigh the evidence and assess the credibility of witnesses and if it determines that the award of the ALJ is supported by a preponderance of admissible evidence, it will be accepted. But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statutes' evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly. [Cits.]" *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997). Where the appellate division does so, the superior court must affirm if any evidence supports the appellate division's substituted

findings. Id. at 508.

In the instant case, there were inconsistencies in the evidence regarding the causation or extent of Johnson's injuries and the ALJ resolved those inconsistencies adversely to her. However, after weighing the evidence and assessing credibility, the appellate division resolved the inconsistencies in Johnson's favor. The appellate division was authorized to do so, and as there was some evidence supporting the appellate division's findings, the superior court erred in reversing the appellate division's final decision.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 25, 1998.

*Reynolds & McArthur, Katherine L. McArthur, Charles M. Cork III*, for appellant.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, George M. Peagler, Jr.*, for appellee.