**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 4, 2015**

# In the Court of Appeals of Georgia

A14A1723. ABF FREIGHT SYSTEM, INC. v. PRESLEY.          DO-087

DOYLE, Presiding Judge.

Omer Presley sought judicial review of the decision of the State Board of Workers' Compensation ("the Board"), which denied his claim for workers' compensation benefits. The superior court reversed and remanded the case to the Board for consideration of certain evidence. ABF filed an application for discretionary review, this Court granted the application, and ABF now appeals. For the following reasons, we reverse.

The relevant facts show that Presley worked for ABF for approximately 19 years as a truck driver and dock worker. On June 4, 2009, he sustained a compensable job-related injury to his right knee. He had surgery on his knee, remained out of work until September 15, 2009, and was paid temporary total disability benefits during his

absence. On September 16, 2009, Presley returned to work without restrictions or limitations. He continued to perform his normal job duties: loading and unloading trucks by hand and machine and driving a tractor-trailer. His right knee, however, continued to get worse, and he was diagnosed with arthritis in that knee on March 17, 2010, and was advised that he would eventually need a right knee replacement.

On December 4, 2009, Presley sustained a compensable job-related injury to his left knee. He subsequently had surgery, remained out of work as a result of this injury from June 24, 2010, through September 18, 2010, and received temporary total disability benefits during this time. On September 20, 2010, Presley returned to work without restrictions or limitations and resumed his normal duties, with no changes thereto.

In June or July 2010, the doctor who performed both knee surgeries discussed the possibility that Presley might need surgical replacement of his right knee. On January 21, 2011, the doctor again discussed the possibility of right knee replacement surgery. Presley testified before the Board that his right knee pain worsened after his left knee surgery. On February 4, 2011, a recurrent tear of the medial meniscus was diagnosed in Presley's left knee. Presley continued to work his normal job duties, but his right knee pain worsened. He received several injections in his right knee between

September 2011, and December 15, 2011, and he was prescribed various anti-inflammatory medications. In February 2012, after an additional year of continuing to work his regular job duties following his left meniscus tear, the doctor informed Presley that right knee replacement surgery was necessary.

Presley had total knee replacement surgery on his right knee on June 19, 2012, and was placed on a "no-work" status until October 29, 2012. On March 21, 2013, Presley sought payment of temporary total disability benefits from June 2012, through October 2012, arguing that he had sustained a fictional new injury.

The parties agreed that there was no singular specific incident creating an immediate need for Presley's total right knee replacement. Instead, the dispute was whether Presley's total temporary disability arising from his right knee replacement should be characterized as a fictional new accident or a change in condition for the worse.

A fictional new accident, or aggravation of a pre-existing condition,[1] occurs when a "claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual

[1] See *Certain v. U. S. Fidelity & Guar. Co.*, 153 Ga. App. 571, 573 (266 SE2d 263) (1980).

worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury."[2] A change in physical condition, on the other hand, occurs when

> the claimant sustains an injury and is awarded compensation during his period of disability. Subsequent thereto[,] he returns to his employment performing his normal duties or ordinary work. Then[,] as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident[,] his condition gradually worsens to the point that he can no longer continue to perform his ordinary work.[3]

"[O]rdinarily[,] the distinguishing feature that will characterize the disability as either a 'change of condition' or a '[fictional] new accident' is the intervention of new circumstances."[4] Whether the employee suffers a fictional new accident or a change in condition is a question of fact to be determined by the ALJ.[5]

---

[2] *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (a) (248 SE2d 678) (1978). In such a case, "the one-year statute of limitation begins to run from the date the claimant was forced to cease his employment. They base this holding on the theory that the date of the 'new accident' is the date that the disability manifests itself." See id.

[3] Id. at 309-310 (1) (c).

[4] See *Certain*, 153 Ga. App. at 573.

[5] See *Trucks, Inc. v. Trowell*, 302 Ga. App. 488, 491 (1) (690 SE2d 880) (2010); *Laurens County Bd. of Ed.v. Dewberry*, 296 Ga. App. 204, 206 (674 SE2d 73) (2009);

The ALJ in this case denied benefits, finding that the two-year statute of limitation in OCGA § 34-9-104 (b) barred Presley's claim since Presley last received temporary total disability benefits for his right knee injury on September 15, 2009.[6] In its order, the ALJ stated that "while close, I find the employee has undergone a change in condition for the worse and not suffered a fictional new injury. . . . [His] right knee condition is related to his June 4, 2009 accident/injury." The ALJ found Presley's testimony "very credible" and his work ethic "tremendous," and it commended Presley for consistently working even "when injured and in clear pain." Nevertheless, the ALJ based its decision on the fact that "there were not any new and/or different circumstances concerning the employee's job duties [that] caused a new injury."[7] The Board adopted this decision.

_____

*Cypress Companies v. Brown*, 246 Ga. App. 804, 806 (542 SE2d 544) (2000).

[6] OCGA § 34-9-104 (b), which addresses modification of a prior final decision, permits a party to apply for another decision because of a change in condition provided that "at the time of application not more than two years have elapsed since the date the last payment of income benefits . . . was actually made . . ."

[7] The ALJ further found that even if Presley suffered a "super added" injury to the December 4, 2009 left knee injury, income benefits were last paid for that injury on September 20, 2010, and Presley's March 21, 2013 request for benefits still fell outside the two-year statute of limitation.

Presley appealed to the superior court, arguing that he suffered a fictional new injury when he ceased working in June 2012. The superior court reversed and remanded the case, finding that the Board failed to consider all of the evidence in light of correct and applicable legal principles. Specifically, the superior court noted:

The Court has reviewed the cases cited by the parties that contemplate the distinction between changes in condition and fictional new accident. In the main, these cases focus on changes in an employee's work environment after the employee has re-commenced working following a compensable job-related accident. The focus of those cases has been on whether the job duties being performed by the injured worker upon his or her return to work were different from those previously performed, or whether such duties exceeded restrictions issued by treating physicians.

The Court notes that our workers' compensation laws are not designed to penalize injured workers for attempting to continue working even though they are hurt to some extent. The Court also notes that the term "accident" is broadly defined under our workers' compensation laws, and an employee who continues to perform the duties of employment and thereby aggravates an initial injury has sustained what is considered a "new injury."

In determining whether an injured worker has sustained a fictional new accident, as opposed to a change in condition, the Court sees no reason why the finding of a new accident should be limited to those factual scenarios that have been previously considered. The nature of an employee's job duties upon returning to work after a compensable job-related accident is not the sole determinant in deciding whether a new accident has occurred. Since the ultimate factor in determining whether a fictional new accident has arisen is the intervention of new circumstances, it is herein found that such new circumstances may arise

6

in the form of a disabling accidental injury suffered by an employee after an original accidental injury has been sustained, as long as there is a showing that such subsequent injury has contributed to a worsening of the employee's original condition.[8]

The superior court remanded the case for a determination regarding whether Presley's left knee injuries constitute "new circumstances" that caused a worsening of his right knee condition resulting in his disability in June 2012.

Pretermitting whether the superior court departed from the previous cases distinguishing a fictional new accident from a change in condition, the ALJ and the Board *did consider* whether Presley's left knee injuries caused a worsening of his right knee condition and found that they did not. The ALJ specifically noted that the evidence did not support Presley's argument that his right knee injury was a "super-added" injury to his left knee. Indeed, the evidence supports the ALJ and Board's determinations that Presley's right knee was never the same after surgery and simply grew worse without any additional injuries or job responsibilities. In fact, the doctor told Presley in June or July 2010 that he probably would need a right knee

---

[8] (Citations omitted.)

replacement. This evidence supports a finding that Presley underwent a change in condition for the worse and not a fictional new injury.[9]

It is well-settled that in reviewing a workers' compensation award, this Court "must construe the evidence in the light most favorable to the party prevailing before the appellate division."[10] "[D]eterminations of credibility and the weight of testimony are for the ALJ and appellate division, not for [the] reviewing court."[11] And, "[t]he findings of the State Board of Workers' Compensation, when supported by *any evidence*, are conclusive and binding, and neither the superior court nor this [C]ourt may substitute itself as a factfinding body in lieu of the State Board."[12]

---

[9] See *Scott v. Shaw Indus., Inc.*, 291 Ga. 313, 315 (729 SE2d 327) (2012).

[10] *Laurens County*, 296 Ga. App. at 205-206.

[11] *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995); see also *Johnson v. Weyerhaeuser Co.*, 231 Ga. App. 627, 628-629 (499 SE2d 916) (1998).

[12] (Citation and punctuation omitted; emphasis supplied.) *The Med. Center, Inc. v. Hernandez*, 319 Ga. App. 335 (1) (734 SE2d 557) (2012). Of course, "erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review." *Renu Thrift Store, Inc. v. Figueroa*, 286 Ga. App. 455, 456 (649 SE2d 528) (2007) (punctuation omitted).

Although a superior court may remand a case to the appellate division if that court questions whether all evidence was considered,[13] in this case, the superior court substituted its factual findings for those of the appellate division, which were supported by the evidence. We therefore reverse.

*Judgment reversed. Dillard, J., concurs. Miller, J., concurs in judgment only.*

---

[13] See *Henderson v. Mrs. Smith's Frozen Foods,* 182 Ga. App. 829, 829-830 (2) (a) (357 SE2d 271) (1987); *Roberson v. Englehard Corp.*, 190 Ga. App. 674, 675-676 (379 SE2d 524) (1989).